## MARION TAYLOR v. THE STATE.

*No. 8.   Decided April 29.*

**1. Theft by False Pretext and Swindling — Difference Between these Offenses.**—The difference between theft by false pretext, as defined in article 727 of the Penal Code, and swindling, as defined in article 790 of the Penal Code, is, that in the first, or theft, the owner in parting with the possession does not intend to part with the ownership of his property; while in the latter, or swindling, the owner intends to part with both the ownership and possession of his property.

**2. Same—Charge of Court.**—On a trial for theft, where the facts were, that defendant passed a $20 Confederate bill on a boy in a store, who gave him in change for it a $10 and two $5 greenback bills: *Held*, that the court should have instructed the jury as to the law of swindling.

APPEAL from the District Court of Bell.    Tried below before Hon. W. A. BLACKBURN.

The indictment contains three counts: first, theft from J. N. Brooker, who was alleged to be the owner and in possession of the property; second, theft from William Thomas, who was in possession and holding the property for J. N. Brooker; and third, theft from William Thomas, alleged to be owner and in possession of the property.

On his trial, the verdict was a general one for theft, and appellant's punishment was assessed at a term of two years in the penitentiary, and judgment accordingly.

William Thomas, a boy 15 years old, was a clerk in the store of Jeb Brooker, and defendant got him to change an old Confederate $20 bill, for which Thomas gave him one $10 and two $5 greenback currency bills. The other facts are sufficiently stated in the opinion.

*A. J. Owen* and *James P. Kinnard*, for appellant.—If a party induces the owner of property, by fraudulent representations or any device, to part with the title as well as the possession, then his offense is swindling, and not theft.    Penal Code, arts. 727, 790; Pitts v. The State, 5 Texas Cr. App., 122; Cline v. The State, 43 Texas, 494.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the theft of $20 in United States currency.    There were three counts, covering the question of ownership.    His punishment was assessed at two years in the penitentiary, from which judgment he appeals to this court.

The appellant went into the store of one J. N. Brooker, in the town of Rogers, in Bell County, late in the evening, and passed upon his clerk, a boy of 15 years, a $20 Confederate bill, and received a $10 bill and two $5 greenback bills.    The clerk discovered the mistake in a few minutes, and diligent search was at once instituted for defendant.    But he had left town on obtaining the money.    On being arrested next day in Milam County, he denied that he had ever been in Rogers.    He was fully identified, and a $10 and a $5 bill and $3 in silver found on him.

Appellant claims that the clerk, Thomas, intended to part with both the title and possession of the money handed to him, and that he can not be convicted of theft, but of swindling only.    Article 727 of the Penal Code declares, that if the taking of property, though originally lawful, was obtained by any false pretext, or with intent to deprive the owner of the value thereof, and appropriate the said property to the use and benefit of the taker, and the same is so appropriated, the offense of theft is complete.    Article 790 defines swindling as " the acquisition of * * * money, * * * by means of some false pretense or fraudulent repre-

sentation, with the intent to appropriate the same to the use of the party so acquiring." The difference between the two articles is, that under the first the owner, in parting with possession of his property, does not intend to part with the ownership; as, where one lets another hold his money temporarily, and he conceals it, and denies its possession. Graves v. The State, 25 Texas Cr. App., 333. Under the second, the owner must intend to part with both ownership and possession of the money he gave to appellant, and the trial judge erred in not instructing the jury on the law applicable to the case. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.