HENRY FORREST v. THE STATE.

No. 13629. Delivered January 21, 1931.

The opinion states the case.

*Leonard Brown,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for goat theft; punishment, two years in the penitentiary.

Mr. Browne owned a goat ranch in Frio county, and in the spring of 1927 missed a small buunch of goats. About this time some goats came to the ranch of Frank Kolos, and after annoying him some time he took them up and held them for their owner. Thereafter appellant and one Whitley came to the ranch of Kolos and said these goats were the property of their uncle, a Mr. Whitley. Kolos testified as follows: "They told me they wanted to take the goats for their uncle; they did take them. * * * These two fellows came first and looked at the goats and then came another time and got the goats. As to what they told me, they told me they thought those were their uncle's brands, and they would go phone him, and if they were his, they would be back after the goats; they came back after them." It appears from the testimony that Kolos turned these goats over to appellant and Whitley upon their representation that same belonged to the uncle of the parties. Kolos evidently thought that he was delivering the goats to their owner, and that he would have nothing further to do with them. He evidently intended to part with all title of any kind which might have been vested in him, as well as his right of possession to the goats. These goats were afterwards shown to be in fact the property of Browne, and it sufficiently appears that the representations made by appellant and Whitley were false.

The State's attorney with this court suggests that the indictment in this case charging theft, is not met by the facts which, in his opinion, make out a case of swindling. Such question was not raised in the court below, nor otherwise presented here, but is of such fundamental character that when called to our attention, will be acted upon.

The testimony shows that Kolos was the special owner of and holding possession of said goats, so that ownership was rightfully alleged in him. That he gave his consent to appellant and Whitley to take the goats is uncontroverted. That such consent was obtained by false representations and pretenses appears clear.

558

Mr. Branch in his Annotated P. C., p. 1425, states the distinction between theft and swindling as follows: "The distinction between the offenses of swindling and theft where the property is acquired by means of false pretenses is this: If the owner was induced to part and did part with his property finally by means of the false pretense, that is, if he intended to part with both the title and possession of his property, the offense is swindling; if the owner,—the injured party,—only intended to part with the possession and custody and not the title to his property, the offense is not swindling, but may be theft." Segall v. State, 98 Texas Crim. Rep., 485; Taylor v. State, 32 Texas Crim. Rep., 110; Gibson v. State, 85 Texas Crim. Rep., 462.

In our judgment the facts in this record manifest that Kolos was led by the representations of appellant and Whitley to intend to part entirely with whatever title and right of possession he had to the goats.

It follows from what we have said that in our opinion the allegation of theft is not supported by the proof made.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*