FRED SIMMONS v. THE STATE.

No. 19841.  Delivered November 2, 1938.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accepting and placing a bet on a horse race; the punishment, a fine of $500.00 and confinement in jail for one year.

Sam Hefti testified that he went to appellant's place of business on the 26th of October, 1937, and gave appellant fifty cents as a bet on a horse named Leah Fern. The witness identified a racing form sheet which had been taken from appellant's place of business by officers, and which showed that appellant had received fifty cents from witness as a bet on a horse race.

Appellant did not testify and introduced no witnesses.

Appellant's motion to quash the indictment was based on several grounds. The indictment embraced two counts, only the first count being submitted to the jury. Omitting the formal parts, we set forth said count as follows:

"Fred Simmons, on or about the 26th day of October, A. D. 1937, in said county and state, did then and there take and offer to take and accept and place for Sam Hefti a bet and wager of money, to-wit: fifty cents, of the value of fifty cents, on a horse race."

The first ground of the motion to quash was concerned with the failure of the indictment to allege the name of the horse upon which the bet was placed. It has been held by this Court that, in charging the offense of exhibiting a gaming table and bank, it is unnecessary to particularly mention the name of the bank. 20 Tex. Jur. 652; Jefferson v. State, 22 S. W. 148. Also it is not necessary to mention the name of the game in an indictment charging betting at a game of cards, and proof that the game was poker supports an averment that the accused "did bet and wager at a game of cards." Inman v. State, 85 S. W. 796. We are of opinion that it was not necessary to allege the name of the horse upon which the bet was placed. The gist of the offense was the acceptance of the bet on a horse race. The statute (Article 652a, Section 1, Vernon's Annotated Penal Code of Texas) reads as follows: "Any person who takes or accepts or places for another a bet or wager of money or anything of value on a horse race, dog race, automobile race, motorcycle race or any other race of any kind whatsoever, football game, baseball game, athletic contest or sports event of whatsoever kind or character; or any person who offers to take or accept or place for another any such bet or wager; or any person who as an agent, servant or employee or otherwise, aids or encourages another to take or accept or place any such bet or wager; or any person who directly or indirectly authorizes,

aids or encourages any agent, servant or employee or other person to take or accept or place or transmit any such bet or wager shall be guilty of book making and upon conviction be punished by confinement in the State Penitentiary for any term of years not less than one (1) nor more than five (5) or by confinement in the county jail for not less than ten. (10) days nor more than one (1) year and by a fine of not less than One Hundred ($100.00) Dollars nor more than One Thousand ($1,000.00) Dollars."

Another ground of the motion to quash relates to the failure of the indictment to allege that the horse race took place. Section 8 of Article 652a, supra, reads as follows: "Upon the trial for any offense under this Act it shall not be necessary that the State allege or prove that any race, game, contest or event was in fact run or did in fact happen or occur."

In Ex parte Walsh, 129 S. W. 118, this Court held that it is "wholly immaterial whether the race was ever in fact run." Giving effect to such holding, we are constrained to overrule appellant's contention.

Several "racing forms" which officers found in appellant's place of business were introduced in evidence over appellant's objection. Also the State proved, over objection, that appellant had on another occasion, shortly prior to taking Hefti's bet, accepted a bet from another person. The second count of the indictment charged appellant with knowingly using and permitting his premises to be used in connection with book making. At the time this testimony was received there had been no election on the part of the State, and said second count was before the jury until withdrawn in the charge of the court. Under the circumstances, the testimony was admissible at the time it was received. Appellant made no motion to withdraw it from the consideration of the jury when the case was submitted alone upon the first count. Hence he is in no position to assert that the bills of exception relating to such testimony reflect reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.