**DAVIS v. STATE.**

No. 25193.

Court of Criminal Appeals of Texas.

May 9, 1951.

George S. McCarthy, Amarillo, for appellant.

WOODLEY, Commissioner.

Appellant shows that the order of the trial judge overruling his motion for new trial and granting him 90 days for the filing of bills of exception was delivered to the clerk for entry and by clerical error the entry on the minutes omitted the figures "90."

It is further shown that the original instrument handed to the clerk has been lost or destroyed.

Appellant further shows that the failure to enter such extension of time was without fault of himself or his attorney.

Under the authority of Davis v. State, 120 Tex.Cr.R. 114, 28 S.W.2d 794, and George v. State, 25 Tex.App. 229, 8 S.W. 25, we will consider the bills of exception.

■ Bill No. 2 complains of the overruling of appellant's motion to pass his case until another jury week because of certain remarks of the trial judge which were alleged to be critical of appellant and his counsel.

This bill merely shows that a motion was filed wherein such allegations were made. The bill is deficient in that it does not show that in fact any such remarks were made.

■ Bill No. 3 relates to the testimony by the witness Al Dewlen as to his conversation with a girl behind the counter at the Roosevelt Bar, while appellant stood at her side, regarding the placing of a bet, the girl accepting the card containing his selections and his $2.00 which she put in the cash register, and the witness receiving the stub from the card, the witness Dewlen having gotten the card prior to September 24, 1949, at the Roosevelt Bar but did not then see appellant; and at the time the witness paid the money to the girl, appellant had a stack of stubs from other cards such as that given to the witness.

Bill No. 3 is multifarious. It is clear that at least a part of the testimony complained of in this bill was admissible such as testimony that appellant was behind the bar at the cash register counting a stack of parlay card stubs which he had in his hands. No reversible error is shown by this bill. See Cagle v. State, 147 Tex.Cr.R. 354, 180 S.W.2d 928.

■ Bill No. 8 complains of the introduction of the stub referred to in Bill No. 3. This exhibit and the above mentioned testimony in connection therewith were admissible as a circumstance to show that appellant had knowledge of and was a party to the system of accepting bets on such parlay cards at the Roosevelt Bar.

■ Bill No. 4 shows an objection to a question propounded to the state witness Davis was sustained, and appellant excepted. This bill fails to show what answer would have been given and is therefore insufficient to present error. See Huff v. State, 145 Tex.Cr.R. 82, 165 S.W.2d 717.

■ Bill No. 5 relates to a series of questions and answers and various remarks of the court in connection with the cross-examination of the witness Ross Davis. The bill complains of "comments of the court and testimony of the witness." It is therefore multifarious and cannot be considered.

■ Bill No. 6 complains of the testimony of Ross Davis relating to his visit to the Roosevelt Bar to pick up the selection card and of his being directed to where the cards were by someone at the bar, the appellant not being present. This was res gestae as to a part of the transaction and was admissible.

■ Bill No. 7 complains that the trial judge, in ruling upon the admissibility of the testimony mentioned in Bill No. 6, remarked "Well, I think that whoever was there, if they seemed to be employees in the place, that whatever was said would be admissible about those cards."

We agree with the trial court that such testimony was admissible and see no harm to appellant shown in this bill.

Bills 9, 10, 11 and 12 relate to the court's charge and no error is observed which calls for a reversal.

■ We remain convinced that the indictment is sufficient and that the evidence supports the conviction.

Appellant's second motion for rehearing is overruled.

Opinion approved by the Court.