**Walter Crowder YOUNG, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40545.**

Court of Criminal Appeals of Texas.

July 26, 1967.

On Motion to Set Aside Abatement of Appeal Nov. 1, 1967.

James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert Stinson, John Stauffer and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is kidnapping; the punishment, 25 years.

Sentence was pronounced and notice of appeal was given December 20, 1966.

The record on appeal has not been prepared and approved as required by Art. 40.09, Vernon's Ann.C.C.P.

The endorsement of the presiding judge on the statement of facts, "Examined, approved and ordered filed this 26 day of April 1967 as a statement of facts in this case," does not comply with the requirement of Art. 40.09(7), V.A.C.C.P., that the "entire record" be approved by the court.

The time for filing the defendant's appellate brief does not begin to run until the approval of the record by the court. Art. 40.09(9), V.A.C.C.P.

The disposition of the appeal will be suspended to await the approval of the entire record and further proceedings which may be had in the trial court under Art. 40.09, supra, after such approval as though the record had not been filed in this court. Stoker v. State, Tex.Cr.App., 415 S.W.2d 923; Hawkins v. State, Tex.Cr.App., 416 S.W.2d 428.

The appeal is abated.

## OPINION

## ON STATE'S MOTION TO SET ASIDE ABATEMENT OF APPEAL

WOODLEY, Presiding Judge.

The state's motion is accompanied by supplemental transcript which includes the order of the judge of the trial court dated April 13, 1967, approving the Record on Appeal, and the certification of the district clerk reflecting that such instrument was duly and timely filed but inadvertently omitted from the record as originally sent up.

The state's motion is granted and the grounds of error set forth in the defendant's brief filed in the trial court within 30 days after such approval of the record on appeal will be considered. (Art. 40.09, Sec. 9 et seq., Vernon's Ann.C.C.P.)

The indictment drawn under Art. 1177 Vernon's Ann.P.C. alleged that appellant did unlawfully "kidnap, falsely imprison and detain Wanda Joyce Weaver, a minor under the age of fifteen years, for the purpose of said minor being by said Walter Crowder Young concealed from the lawful possession of the parent of said child."

Art. 1177 V.A.P.C. reads as follows:

"When any person is falsely imprisoned for the purpose of being removed from the State, or if a minor under the age of seventeen years, for the purpose of being concealed or taken from the lawful possession of a parent or guardian, such false imprisonment is 'kidnapping.' If the person kidnapped __ to be under fifteen years of age, it is not necessary that there should be want of consent nor that there should be force in order to constitute kidnapping, and, in such a case, consent of such a minor shall be no defense. One guilty of kidnapping shall be confined in the State Penitentiary not less than Five nor more than Twenty-five years, or by fine not exceeding two thousand dollars."

The first ground of error relates to the sufficiency of the evidence, the proposition of law being that the evidence raised only the issue of false imprisonment, and the trial court should have sustained defendant's motion for instructed verdict.

The facts are set out in appellant's supplemental brief as follows:

"Appellant, a barber, left his shop about 11:00 o'clock A.M. on Tuesday, May 24th, 1966, stating at the time he did not feel like working. He purchased some beer, drank some, and commence__ driving around in his automobile without going to any place in particular. He came upon a little girl and boy walking down the road. He stopped and offered them a ride. At his request they entered his automobile. He did not know these children nor their parents and they did not know him. He drove to a vacant house and there it is

alleged he injured the boy and drove away with the little girl. He then drove to his apartment, undressed partially the little girl and fondled her with his finger. None of this Appellant remembers. He continued driving around with the girl for a while, let her out of the car and she was found by an officer walking in the street Appellant when apprehended signed a lengthy statement in which he admitted that he gave the children a ride, but makes no mention of his reasons for doing so, other than to give them a ride. According to his confession he had consumed several bottles of beer. The evidence indicates that the girl is a retarded child and that in all she was in Appellant's possession for Three or Four hours and that part of this time Appellant had placed adhesive tape over her eyes, however she stated she could see any way."

Appellant concedes that under the facts he violated Art. 1169 P.C., which defines the offense of false imprisonment, and that the evidence would support a charge of fondling, but urges that there is not one iota of evidence that his purpose was to conceal the little girl from her parents. Hardie v. State, 140 Tex.Cr.R. 368, 144 S.W.2d 571, is cited.

The evidence reflects that at 4:30 P.M. the mother of the children sent her 11 year old daughter and her 8 year old son to a grocery store located some 3 or 4 blocks from their home. After the father checked with the neighbor, and went to the grocery store without locating them, the officers were notified that they were missing. The 11 year old girl was found on the curb in front of a dance hall by Police Sergeant Scoggins about 11:30 P.M. and she directed the officers to the abandoned house where her 8 year old brother was found on the kitchen floor.

■ The fact that the purpose of appellant was or may have been to fondle or molest the little girl as well as to conceal her from the possession of her parents is not controlling.

The court's charge instructed the jury, as requested by appellant, to the effect that unless they found and believed beyond a reasonable doubt that the false imprisonment was for the purpose of Wanda Joyce being concealed or taken from the lawful possession of her parents to acquit the defendant.

■ That appellant may have become intoxicated from drinking the beer he purchased, for which reason he did not remember fondling the little girl after taking her to his apartment, constituted no defense. Cohron v. State, Tex.Cr.App., 413 S.W.2d 112; Carpenter v. State, 169 Tex. Cr.R. 283, 333 S.W.2d 391, and cases cited; Art. 36 V.A.P.C.

■ We overrule the contention that the evidence shows appellant to have been guilty only of the lesser included offense of false imprisonment. Bush v. State, 172 Tex.Cr.R. 483, 358 S.W.2d 384.

Appellant's contention that the failure of the court to submit False Imprisonment is reversible error is also overruled.

■ The remaining ground of error relates to the overruling of appellant's motion to quash the indictment on the ground that it failed to name the parent of the child. No authority is cited in support of this contention and we know of none. We agree, however, that it would be proper and constitute proper pleading to follow the form suggested in Willson's Criminal Forms, Seventh Edition, Sec. 1562, in drawing an indictment for kidnapping.

The judgment is affirmed.