**Vincent Walter YOUNG, alias Walter Crowder Young, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41050.**

Court of Criminal Appeals of Texas.

March 13, 1968.

James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., Douglas D. Mulder, John H. Stauffer, Malcolm Dade, Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a companion case to that of Young v. State, Tex.Cr.App., 419 S.W.2d 864, in which appellant's conviction for kidnapping an eleven year old girl was affirmed. This appeal is from a conviction for assault with intent to murder with malice upon the eight year old brother of the kidnapped girl, at the abandoned house referred to in the opinion in Young v. State, supra, with punishment assessed at 25 years.

The sole ground of error raises the contention that the evidence is insufficient to sustain the jury's finding that the assault was committed with the specific intent to kill.

The evidence offered by the state as to the assault on the boy, including the testimony of his sister, the officers who found the boy in the abandoned house and the neuro surgeon who attended and operated on the boy, reflects that appellant struck the boy on the head with a hatchet several times, fracturing his skull and driving a piece of skull three by two inches in size into his brain at right angle to the surface, producing a great deal of laceration of the brain and destroying a part of the brain.

The medical testimony was to the effect that it would take a massive blow to inflict such wound and that the hatchet found on the kitchen floor, which was introduced in evidence, was compatible as a weapon with which the four separate lacerations were inflicted.

The doctor further testified that had it not been for the medical treatment the boy received he would have died and, in fact, it is a medical miracle that he lived.

We are in accord with the state's suggestion that it was through no fault of appellant that the boy is still alive.

The ground of error is overruled and the judgment is affirmed.