**Chester A. SCHUTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42326.**

Court of Criminal Appeals of Texas.

Nov. 12, 1969.

Rehearing Denied Jan. 14, 1970.

Max P. Flusche, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of marihuana, a narcotic drug; the punishment, ten years.

Trial was before the court on February 6, 1968, upon a plea of not guilty to a three count indictment returned January 18, 1966, alleging (1) unlawful possession of marihuana, (2) unlawful possession of heroin and (3) unlawful possession of a hypodermic syringe for the purpose of subcutaneous injections of narcotic drugs in a human being, on or about August 30, 1965.[1]

The record on appeal was filed in this court on July 3, 1969.

Three grounds of error are set forth in appellant's brief.

Ground One complains of the denial of pre-trial motion to suppress evidence obtained as the result of the search conducted under authority of a search warrant, the contention being that such warrant issued upon an affidavit which failed to set out sufficient facts to constitute probable cause.

Ground Two complains that such evidence should have been suppressed because

---

1. The portion of the indictment alleging prior convictions for enhancement of pun-

ishment was dismissed on motion of the District Attorney.

the search was conducted in violation of Art. 18.18 Vernon's Ann.C.C.P.[2]

Ground Three complains that the evidence failed to establish that appellant was an occupant of the premises searched or was in possession of the marihuana and other contraband seized.

 Our task in passing upon appellant's first and second grounds is made easy by the unusual circumstance that the United States Court of Appeals, Tenth District, has passed upon the sufficiency of the same affidavit and the legality of the same search and decided the questions contrary to appellant's contentions.

In Schutz v. United States, 10 Cir., 395 F.2d 225, cert. denied, 394 U.S. 946, 89 S. Ct. 1279, 22 L.Ed.2d 479, the Circuit Court of Appeals said:

"Prior to trial Schutz filed a motion to suppress certain evidence and an evidentiary hearing was had upon the motion. There it was contended that the government intended to use the fruits of both the Texas and Kansas searches in the trial to follow. The argument presented there was that the affidavit used to obtain the Texas search warrant was insufficient upon its face and that the officers used unnecessary force in executing the warrant. The first argument presents a legal question and the second, as we will later demonstrate, is a factual question.

"The evidence adduced upon this motion shows that on August 30, 1965, two Texas state law enforcement officers procured a search warrant, upon the basis of an affidavit filed by them, from a local magistrate at Austin, Texas. The affidavit and warrant were on a one page printed form with appropriate blank spaces to be filled in by the affiant and the magistrate. The affidavit described the premises to be searched and included 'all other outbuildings and motor vehicles appurtenant thereto.' It further described the premises as 'the building, house or place of Chester Schutz * * *.' The purpose of the search was to discover narcotic drugs and the factual information given by affiants had been obtained chiefly from an informant.

"The evidence adduced was conflicting as to the force used by the officers in entering the house but it is apparent from the ruling of the trial judge that he accepted the testimony of the agents in this regard, which he had the right to do and which we accept. The contention as to the use of undue force is thus disposed of.

"We have carefully examined the Texas search warrant and the affidavit in connection therewith and conclude that they meet the constitutional requirements. This conclusion was reached after an examination of the affidavit and warrant in light of the guidelines set out in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and other cases that have followed."

Appellant's grounds of error One and Two are overruled.

The record reflects that the residence searched was referred to by witnesses and by counsel as the home or the residence of appellant and his co-indictee, Mary Farmer, also referred to as Mrs. Schutz.

A receipt for rent on the premises, received from "Mr. C. A. Schutz" was introduced in evidence. Two neighbors testified that appellant and Mary Farmer, known to them as Mrs. Schutz, moved in

---

2. Art. 18.18 V.A.C.C.P. provides: "In the execution of a search warrant, the officer may break down a door or a window of any house which he is ordered to search, if he cannot effect an entrance by other less violent means; but when the warrant issues only for the purpose of dis-
covering property stolen or otherwise obtained in violation of the penal law, without designating any particular place where it is supposed to be concealed, no such authority is given to the officer executing the same."

the early part of June and lived in the premises until the last of August, 1965. Appellant was seen leaving the premises by the officers who came to make the search. He returned to the house shortly after Mary discovered that the officers were present which spoiled their plan to wait until appellant returned before executing the warrant.

█ The trial court did not err in concluding that appellant was an occupant of the house and was in possession of the marihuana cigarettes and other contraband seized.

Appellant's ground of error No. 3 is overruled.

No error appearing, the judgment is affirmed.