**Billy Ray TERRY and Daniel Arturo Villarreal, Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 42534.

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

Rehearing Denied March 25, 1970.

———◆———

N. V. Vela, Harlingen, John F. Dominguez, Mercedes, for appellants.

Oscar B. McInnis, Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The conviction is for the sale of marihuana; the punishment, 5 years.

The indictment returned October 28, 1968, alleged that appellants, acting together, on or about the 18th day of September, 1968, unlawfully sold marihuana to Artemio Caceres, Jr.

Trial was before a jury on February 1, 1969, on a plea of not guilty and the jury assessed the punishment of each of the defendants at 5 years in the penitentiary.

■ Ground of error No. 1 relates to the contention that Caceres was not a police officer "de jure or de facto" (because he was under 21 years of age) and was therefore an accomplice witness.

This contention was overruled in Briseno v. State, Tex.Cr.App., 450 S.W.2d 865 decided February 4, 1970.

Ground of error Nos. 2 and 3 complain of the overruling of appellants' motion to quash the indictment.

Ground 2 presents the contention that the portion of Art. 19.01 Vernon's Ann.C.C.P. which provides that grand jury commissioners shall "be qualified jurors and freeholders in the county" is contrary to the 14th Amendment of the United States Constitution in that such requirement excludes thousands of Americans who might meet all the requirements of said article but for the fact that they may not be "freeholders."

The third ground of error presents the contention that Art. 19.08 of the 1965 Code

of Criminal Procedure (in effect at the time the grand jury which returned the indictment herein was selected) required that for a person to be a grand juror he must be a freeholder and is therefore unconstitutional.

The qualification in Art. 19.08(2) of the 1965 Code referred to was: "He must be a freeholder within the State, or a householder within the county, *or* the wife of such householder."[1]

■ No authority is cited in support of the contention that either Art. 19.01 or Art. 19.08 V.A.C.C.P. is unconstitutional. The grounds of error are overruled. See Addison v. State, 160 Tex.Cr.R. 1, 271 S.W.2d 947, and Brooks v. Beto, 5 Cir., 366 F.2d 1, cert. denied, 386 U.S. 975, 87 S.Ct. 1169, 18 L.Ed.2d 135; reh. denied, 386 U.S. 1043, 87 S.Ct. 1489, 18 L.Ed.2d 618.

■ Ground of error No. 4 complains that one of the jury panel was disqualified because she was not the head of a household, not the wife of the head of a household and was not a freeholder.[2]

The record does not support the allegation that such occurred. Even if it did, such was not ground for reversal.

■ Ground of error No. 5 complains of the failure of the trial court to submit to the jury their requested instructions on the issue of entrapment, agency and accomplice.

The ground of error does not comply with Art. 40.09(9) V.A.C.C.P. which requires that the brief set forth separately each ground of error in that it seeks to complain of the refusal of three separate requested instructions to the jury.

■ Also, the requested instructions do not reflect that they were presented to the

---

1. The quoted provision was eliminated by the amendment of Art. 19.08. Acts of the 61st Leg. (1969) p. 1364, effective Sept. 1, 1969.

2. Arts. 35.12 and 35.16 C.C.P. (1965), in effect at the time appellants were tried, have since been amended so as to eliminate reference to householder or freeholder as a qualification of a juror.

trial court before the charge was read to the jury. See Arts. 36.14 and 36.15 V.A. C.C.P.

We further note that under similar facts we held in Briseno v. State, supra, that the witness Caceres was not an accomplice and the issue of entrapment was not raised.

Ground of error No. 6 complains that their motion for Instructed Verdict should have been granted.

This ground of error is bottomed upon the contention that there was an absence of proof divorcing marihuana purchased by Caceres from appellants and marihuana from other pending cases which was in the same brown paper bag, and there was an absence of proof divorcing the marihuana allegedly sold by appellants and other marihuana in the brown paper bag.

The paper bag was introduced in evidence as State's Exhibit 1. The two packages of marihuana which Caceres testified he purchased from appellants for $10 furnished him by the Chief of Police, and which he delivered to Dr. Whigham, were introduced as State's Exhibits 2 and 3. Dr. Whigham testified that he examined the contents of Exhibits 2 and 3 and found the contents of each to be a sufficient amount of marihuana to make one or more marihuana cigarettes.

The fact that another package of marihuana which had nothing to do with appellants' case had been put in the same paper bag and taken to Dr. Whigham for examination did not render the two packages introduced as State's Exhibits 2 and 3 inadmissible or the evidence insufficient.

Ground of error No. 7 relates to a note from the jury during their deliberation inquiring "If they break probation, does the court assure us that they will be sent to the penitentiary?" to which the court replied in writing in open court: "The court cannot answer this question."

We see no error.

The eighth and last ground of error complains that the court erred in overruling appellants' amended motion for new trial on the ground of jury misconduct.

The misconduct alleged was that during their deliberation one of the jurors received a written communication from a person of the general public. The testimony at the hearing on the motion for new trial was that the note received by the jury foreman was from his wife, stating that she was waiting whenever he was ready.

The court did not err in overruling the motion for new trial.

The judgment is affirmed.