**Leroy SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44419.**

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Gregory Luna, San Antonio, for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III, Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of robbery by assault with the punishment assessed by the court at 15 years on a plea of guilty.

Appellant was represented by retained counsel on trial and is represented by court-appointed counsel on appeal.

Appellant complains for the first time on appeal that the grand jury which indicted him was illegally constituted; that it was selected by grand jury commissioners under Article 19.01, V.A.C.C.P., which requires that the commissioners "be qualified jurors and freeholders in the county." He contends that the requirement of freeholders keeps poor people from serving as commissioners and is unconstitutional. This contention was overruled in Terry v. State, 451 S.W.2d 479.

Further, the point may not be raised for the first time on appeal. 5 Tex.Jur. 2d 49, Appeal and Error—Criminal, Section 28. Appellant mistakenly relies on Labat v. Bennett, 5 Cir., 365 F.2d 698. In Labat the court said, "No one doubts that the state has a legitimate interest in establishing orderly procedures for filing certain pleadings in limine. No one questions the propriety of such a rule as to motions based on state-created rights asserted in state courts."

The evils the appellant complains of in his brief are nowhere reflected by the record in this cause.

This Court has previously held that the statute is capable of being carried out without discrimination. Addison v. State, 160 Tex.Cr.R. 1, 271 S.W.2d 947.

■ Appellant has filed, in this Court, a pro se "statement of facts regarding arrest and conviction" in which he makes allegations of inadequate representation of counsel and denial of due process. The writer has searched the record and finds no support for these allegations.

There being no reversible error, the judgment is affirmed.