Etrick Mac HILSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 44420.

Court of Criminal Appeals of Texas.

Jan. 4, 1972.

Rehearing Denied Feb. 16, 1972.

Tim K. Banner, Melvyn Carson Bruder, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of heroin. A prior conviction was alleged for enhancement under Article 725b, Vernon's Ann.P.C. The punishment was assessed by the jury at life.

The sufficiency of the evidence is not challenged.

The appellant contends that the search was illegal and that it was error for the jury to assess the punishment when he did not request it.

Officers, armed with a search warrant, went to appellant's residence in South Oak Cliff. When they found no one at home, they returned the next day and knocked and entered after they heard movement inside. As they entered, Walter Phillips who was there with Grady Browning threw narcotics paraphernalia against the wall. The appellant was not there. No narcotics were found as a result of the subsequent search. During the search, Fannie Hill and Nevell Cleveland arrived at the house. They were searched and detained in the house along with Phillips and Browning for some time. The appellant, accompanied by Gwendolyn Hatcher, finally appeared and .parked his car in the garage attached to the house. Instead of entering the house, he fled with the officers in pursuit. As he ran, he threw a glass bottle across the street. He was apprehended and the glass bottle was retrieved.

It contained fifteen fingerstalls of heroin. No other heroin was found.

■ Assuming that the heroin was taken as the result of the search warrant and a search, his contentions will be discussed. First, he contends that the affidavit does not contain sufficient facts to show probable cause for the issuance of the search warrant.

The affidavit by E. E. Taylor recites that appellant and Gwendolyn Hatcher possessed heroin and narcotics paraphernalia at the house which they occupied, and,

MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

"* * * The affiant has received information from a confidential informant in the last two (2) hours that Etrick Mac Hilson and his common law wife Gwendolyn Hatcher has a quantity of heroin and narcotic paraphernalia concealed in their residence at 3911 Vanette Lane in the City of Dallas, Dallas County, Texas. The informant has been to this residence on many occasions and observed heroin and narcotic paraphernalia and has purchased heroin from Etrick Hilson, the last time being within the past twenty-four (24) hours. The affiant along with other members of the narcotics section of the Dallas Police Department have had this residence under surveillance for several months and have observed people known to us to be users of heroin going to and from the residence. The affiant and the other members of the narcotic section know Etrick Hilson to be a user of heroin and have observed what appears to be hypodermic needle marks on his arms. The affiant and members of the narcotic section have received information from other informants and other sources that Etrick Hilson and Gwendolyn Hatcher keep a quantity of heroin at their residence both for their personal use and for sale. This confidential informant stated to the affiant that Etrick Hilson keeps his heroin in rubber balloons inside a plastic sack in the bathroom of the residence. Also that he keeps a smaller amount in a back bedroom in the rear part of the house. This informant has given the affiant true and reliable information on numerous occasions in the past and this information is believed to be true and correct."

In Heredia v. State, 468 S.W.2d 833, it was stated, "We note the recitations in said affidavit that information 'from a reliable and credible informer who has furnish—truthful and reliable information in the past' and 'this informer further stated he had actually been inside this room' and purchased heroin. . . ." The Court held that the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), had been met by showing the reliability of the informant plus the underlying facts and circumstances from which the informant concluded that the narcotics were where he claimed they were.

We hold that sufficient facts are recited to show probable cause for the issuance of the warrant.

Without discussing our many cases, none requires a reversal of this case. Williams v. State, Tex.Cr.App., 476 S.W.2d 300, and O'Quinn v. State, Tex.Cr.App., 462 S.W.2d 583, and the cases there cited.

■ The fact that the officers waited a day after the warrant was issued to execute it and waited possibly two or three hours after the search of the house was made before the appellant returned to be arrested does not constitute reversible error. The warrant was executed within the time provided in the warrant and within three days under Article 18.15, Vernon's Ann.C.C.P.

■ Complaint is made that the house was forcibly entered and this tainted the search, arrest and seizure of the heroin

after it was thrown. An officer testified that after knocking on the door or ringing the doorbell he heard a commotion, "people moving around." Because of this, they forcibly opened the door.

This Court has held that the failure to comply with Article 18.16, V.A.C.C.P., which provides that an officer shall give notice of his purpose before making a search does not render the search illegal. Williams v. State, supra, Martinez v. State, Tex.Cr.App., 473 S.W.2d 520 (1971). See Ker v. California, 374 U.S. 23, 83 S. Ct. 1623, 10 L.Ed.2d 726. No error is shown. See Shutz v. State, Tex.Cr.App., 448 S.W.2d 486.

The contention that the jury was allowed to assess the punishment when it was not requested is directly contrary to the approved record which shows that the appellant requested the jury to assess the punishment.

The record contains no reversible error.

The judgment is affirmed.