Juan Carreon **AGUERO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44540.

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

Pete Tijerina, San Antonio, for appellant.

Ted Butler, Dist. Atty., Marvin B. Zimmerman, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction, after a plea of guilty before the court, was for the possession of heroin, a narcotic drug; the punishment, five years imprisonment.

For the first time on appeal, the appellant challenges the validity of the indictment. The appellant contends "That the grand jury was illegally constituted in that it was selected by grand jury commissioners under Article 19.01, of the Vernon's Ann.Texas Code of Criminal Procedure and that said article providing for the selection of grand jury commissioners is unconstitutional on its face and as applied." Appellant specifically attacks that part of Article 19.01, *supra,* which provided that grand jury commissioners be "freeholders in the county." [1] This contention has been

1. The provision that grand jury commissioners be "freeholders in the county" has since been deleted. Article 19.01, § 2,

as amended by Acts 1971, 62nd Leg., p. 905, ch. 131, eff. May 10, 1971.

recently considered and rejected by this court in Scott v. State, 474 S.W.2d 226 (1971) and Terry v. State, 451 S.W.2d 479 (Tex.Cr.App.1970).

Appellant's first ground of error is overruled.

■ The appellant contends that the "appellant's waiver of jury trial was not voluntarily and understandably entered." He argues that the record does not reflect a compliance with Article 1.13, V.A.C.C.P., and directs the "appellate court's attention to the transcript of record and statement of facts, which are completely void as to any written approval by the court of a jury waiver." The appellant is mistaken. The record does contain a written waiver of a trial by jury signed by the appellant and his counsel, along with the consent and approval of such waiver signed by the trial court and the attorney representing the State. Before accepting appellant's plea of guilty, the court advised him of his right to a jury trial. The appellant's contention is unfounded and no error is shown.

■ It is the appellant's contention that "appellant's conviction is void because (his) plea of guilty was not made voluntarily, intelligently and understandably." He asserts there has been a failure to comply with Article 26.13, V.A.C.C.P. and in this he appears to be mistaken. The record reflects that appellant was admonished by the court of the consequences of his plea of guilty and the court ascertained that the appellant was uninfluenced by other considerations, in compliance with Article 26.13, V.A.C.C.P.

■ The appellant makes other allegations in his brief concerning promises of probation made to appellant in return for a plea of guilty. Such allegations, unsupported and unfounded in the record, will not be considered.

The judgment is affirmed.

Opinion approved by the Court.