**Dudley Darrington SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45713–45718.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Rehearing Denied April 11, 1973.

Matthew A. Rosenstein, Samuel B. Paternostro and G. H. Kelsoe, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted on five charges of bookmaking and on one charge of engaging in the business of bookmaking. The six alleged offenses were all tried together, and punishment was assessed as follows: for each charge of bookmaking, appellant received ten days' confinement and a $1,000 fine, and for engaging in the business of bookmaking, a sentence of two years' confinement was imposed.

Appellant alleges fourteen grounds of error and first challenges the sufficiency of the evidence. (A similar contention is expressed in appellant's sixth ground of error.)

In Cause No. 45,713, appellant was charged with accepting a $20.00 bet on a football game from a Mr. Chandler, an undercover officer for the vice control division of the Dallas Police Department. Chandler testified that on December 9, 1970, he met appellant in a club in Dallas and personally placed the $20.00 with him. The officer further testified that he did not remember making any other bets that day, but that he did not have all of his notes before him at the trial. Another State's witness, McKnight, stated that he had formerly worked for appellant, answering a telephone and taking bets. McKnight testified that Chandler placed a bet with him over the telephone on December 9, 1970. Thus, appellant contends that this amounted to contradicting testimony and refuted Chandler's allegation that he placed a bet with appellant on that same day while in a club. The contention is clearly without merit. Chandler merely testified that he did not *remember* any other bets that day, and this in no way weakened his previous testimony. The evidence in Cause No. 45,713 is sufficient to support the conviction.

In a very confusing manner of argument, appellant alleges that McKnight's testimony conflicted with that of Chandler and that since both were State's witnesses, the evidence on several of the charges is insufficient to support the convictions. We are in full agreement that McKnight's testimony on several occasions was unclear and uncertain as to exact dates when bets were placed and the specific amount of certain bets.[1] It is agreed that there *ap-*

---

1. For example, in one cause, appellant was charged with accepting a $15 bet from Chandler on September 21, 1970. Chandler testified to this fact. When McKnight testified, he stated that it was *he* who accepted "a second bet" on this date and that, to his knowledge, appellant had nothing to do with that particular bet, the amount of which he did not remember. Apparently, it is appellant's contention that McKnight's testimony about *a* bet on September 21, 1970, thus refuted Chandler's earlier testimony. We cannot agree.

*pear* to be inconsistencies between the testimony of McKnight, a former employee of appellant, and Chandler, who fully corroborated the charges in the indictment. The jury was entitled to weigh all the evidence and their resolution of the remaining causes is sufficiently supported by the evidence.

Appellant next contends that evidence seized from his apartment was illegally obtained. Testimony reflects that a police officer, possessing a search warrant, went to appellant's apartment. The officer testified on direct examination that he gained entry into the apartment with a key which the apartment manager had provided. It is appellant's contention that the officer violated Articles 18.16 and 18.18 of the Texas Code of Criminal Procedure.[2] Appellant vigorously argues that the officer's purpose was not made known to him, and that "the seizing officer admitted in open court that he did not knock on the door, but effected entry to Defendant's apartment with the use of a passkey. . . ."

■ Initially, we note that appellant fails to point out where in the record the officer made the statement that he did not first knock on appellant's door. A search of the record has failed to disclose such testimony. The only relevant testimony on this issue occurred on direct examination of the officer and the officer simply stated that entry was gained to the apartment by use of a key which the manager provided. The officer was not cross-examined on this point. Appellant has failed to show that a violation of Article 18.16, supra, did, in fact, occur.

Further, to date, this Court has held that failure to comply with this Article does not render the search illegal nor the evidence seized pursuant thereto inadmissible. E. g., Williams v. State, 476 S.W.2d 300 (Tex.Cr.App.1972); Hilson v. State, 475 S.W.2d 788 (Tex.Cr.App.1972).

Likewise, no showing of a violation of Article 18.18, supra, is presented to this Court. The record is silent as to the factual circumstances surrounding the officer's use of a key to gain entry into appellant's apartment. Nothing is presented for review by this Court. Cf. Albitez v. State, 461 S.W.2d 609 (Tex.Cr.App.1970).

Appellant complains, in ground of error # 3, of improper jury argument. In his argument the prosecutor stated:

"This is not a case where some 17-year old boy goes out and steals a car and goes for a joyride and makes a mistake, smokes a little Marijuana or something. . . . and I'll tell you this: If you think that bookmaking is a small thing —*bookmaking is the lifelihood of organized crime.*" (emphasis supplied)

An objection to this last statement was sustained by the court.

■ We recognize that the prosecutor's statement was unsworn testimony and was improper. However, in light of the facts, we cannot say that this constitutes reversible error. When the court sustained appellant's objection, no instruction to disregard was requested, only a motion for a mistrial. Also, this was not the first mention in this trial of organized crime. The ar-

2. Article 18.16, Vernon's Ann.C.C.P., states:

"The officer shall, upon going to the place ordered to be searched, or before seizing any property for which he is ordered to make search, give notice of his purpose to the person who has charge of, or is an inmate of, the place, or who has possession of the property described in the warrant."

Article 18.18, V.A.C.C.P., states:

"In the execution of a search warrant, the officer may break down a door or a window of any house which he is ordered to search, if he cannot effect an entrance by other less violent means; but when the warrant issues only for the purpose of discovering property stolen or otherwise obtained in violation of the penal law, without designating any particular place where it is supposed to be concealed, no such authority is given to the officer executing the same."

resting officer had earlier testified, without objection, that his work had to do with organized crime. Further, appellant's counsel, in his own jury argument, spoke several times about the "high-falutin' name" the State's witnesses had used; i. e., referring to the Organized Crime Section of the Dallas Police Department. See Hefley v. State, 489 S.W.2d 115, (1973), and cases cited therein.

■ Appellant's fourth ground of error relates to the admissibility into evidence of certain items seized at the time of appellant's arrest. When appellant's apartment was searched (as discussed in the second ground of error), the evidence seized included horse racing forms, basketball line sheets, horse racing betting slips, and non-designated betting slips. It is the admission of these items to which appellant excepts, alleging that their introduction could only serve to connect appellant with extraneous offenses, not charged in the indictment. We reiterate that appellant was charged with bookmaking and with engaging in the business of bookmaking. In this situation, the paraphernalia recovered was admissible as relevant evidence pointing towards appellant's guilt. Canizares v. State, 143 Tex.Cr.R. 76, 157 S.W.2d 385 (1942); Davis v. State, 156 Tex.Cr.R. 76, 239 S.W.2d 109 (Tex.Crim.App.1951). This ground of error is without merit.

Ground of error # 5 concerns the admissibility of several statements which appellant labels as inadmissible hearsay. With one exception, the challenged conversations were made in appellant's presence when he was not under arrest. See Stallings v. State, 476 S.W.2d 679 (Tex.Cr. App.1972); Crestfield v. State, 471 S.W.2d 50, 53 (Tex.Cr.App.1971) cert. denied, 406 U.S. 917, 92 S.Ct. 1764, 32 L.Ed.2d 115 (1972).

■ In the only instance where appellant was not present, the record reflects the following colloquy:

"Q All right, sir. I'll ask you to direct your attention to the 9th day of October, 1970 and ask you if you had an occasion to go to the Skyline Club at 2000 Elm?

"A Yes, sir, I did.

"Q And did you have a conversation with one Richard McKnight?

"A I did.

"Q And what was this conversation concerning?

\* \* \* \* \* \*

"A Richard McKnight was working the bar and he gave me a piece of paper and said, 'This is where I can be reached. I'm working full-time for Dudley Smith.' "

Appellant contends that this was inadmissible hearsay. We note that when McKnight testified, he stated that he was working for appellant at the time he was arrested. We hold that the error, if any, was harmless. 5 Tex.Jur.2d Sec. 444 (1959).

■ Appellant's grounds of error Nos. 7, 8 and 9 all relate to the refusal of the trial court to grant a charge on lesser included offenses. Though appellant alleges that Article 646, Vernon's Ann.P.C., [betting at baseball or football] is a lesser included offense to that of bookmaking [Article 652a, V.A.P.C.], we are cited to no authorities on this point. Regardless, we find no evidence in this case which would indicate that the appellant, if guilty at all, is guilty only under Article 646. No error is presented. Young v. State, 419 S.W.2d 864 (Tex.Cr.App.1967); Bush v. State, 172 Tex.Cr.R. 483, 358 S.W.2d 384 (1962).

In his tenth and eleventh grounds of error, appellant challenges the refusal of the trial court to grant a charge on exculpatory statements.

■ The rule is that the State is bound by its witness' exculpatory statements only

when it takes the initiative and introduced confessions or admissions of the *accused* out of court. Elliott v. State, 475 S.W.2d 239 (Tex.Cr.App.1972). The present record is totally devoid of any such statements.

■ Appellant's final three grounds of error concern the indictments. He alleges that they are vague, uncertain and indefinite. We have examined each indictment and find each one clearly sufficient. Odle v. State, 139 Tex.Cr.R. 288, 139 S.W.2d 595 (1940); Simmons v. State, 135 Tex. Cr.R. 425, 120 S.W.2d 1061 (Tex.Crim. App.1938).

The judgments are affirmed.