**David Lee BARNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46830.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Rehearing Denied Jan. 30, 1974.

---

Fred Bruner, Roy L. Merrill, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant was convicted in a trial before the court of possession of a narcotic drug,

to-wit: marihuana; punishment was assessed at two (2) years confinement.

Appellant contends in his second ground of error "that the evidence is insufficient to support a finding of guilty in the court's verdict."

After receiving information from a reliable and credible informer, Officers Shinpaugh and Taylor of the Dallas Police Department obtained a search warrant at 12:20 P.M. on March 19, 1970. This warrant authorized the search of Apartment L located in the apartment complex having the address of 5707 Gaston Avenue, Dallas, and being under the control of appellant, David Lee Barnes.

Officer Norman testified that he and several other officers executed the aforementioned warrant on March 20, 1970. After arriving at the apartment complex, the officers went first to the apartment manager, identified themselves as police officers and requested a key to appellant's apartment. The manager gave the officers the key and they proceeded to appellant's apartment. The door to the apartment was located near a front window of the apartment, and Officer Taylor stated that an individual looked out of the curtains at them. Immediately thereafter the officers entered the apartment. The testimony of the officers was conflicting as to whether the entry was made by use of the apartment key or by merely turning the door handle of the apartment, although testimony of Taylor placed in evidence by appellant was that the key to the apartment given them by the clerk was used in entering it. It is clear from the record that the officers entered the apartment immediately after the man looked out of the curtain.

After entering the apartment the officers identified themselves, and in order to conduct a systematic search of the premises, they ordered the five occupants, one of whom was appellant, who were in the dining room into the living room. As a result of the search one bag of marihuana seeds hidden inside a box in the kitchen cabinets was found. Also cigarette papers and an unspecified amount of refined marihuana was found in the inside pocket of a coat hanging in the closet in the dining room.

Officer Taylor testified that this was the residence of appellant and that to the best of his knowledge appellant was living in and occupying the premises searched. Taylor further stated that all five occupants were in proximity to the dining room when they executed the search and that they appeared to be playing cards. No one attempted to flee and the officers encountered no interference while they were effectuating the arrest.

Viewing the evidence in the light most favorable to the State, we find that appellant was living in the apartment as his residence, and that he, with several other persons, was present when the contraband was found in the apartment, that there was no evidence that anyone was living there other than appellant, and that marihuana was found "hidden" inside a rice or oatmeal box in the cabinet in the kitchen, as well as some marihuana in a pocket of a coat in the closet in the dining room.

Where an accused is not in exclusive possession of the premises, it cannot be concluded that he had knowledge of the narcotic and control of it unless there are additional independent facts and circumstances which affirmatively link the accused to the narcotic. Wright v. State, Tex.Cr.App., 500 S.W.2d 170; Williams v. State, Tex.Cr.App., 498 S.W.2d 340; Collini v. State, Tex.Cr.App., 487 S.W.2d 132; Harvey v. State, Tex.Cr.App., 487 S.W.2d 75.

Wright v. State, supra, is not controlling of the facts and circumstances in the instant case. In Wright, appellant had leased the premises the day before the raid, he was not present during the search, and it was not shown that he had been in or occupied the premises after it was leased. Two others present at the time of the

search were shown to have been occupying the premises, and the narcotics were contained in an unidentified shirt pocket hanging in the clothes closet. The court held that this combination of circumstances was sufficient only to cast suspicion on the defendant, but was insufficient to show the required possession. Also, the court held that the evidence was insufficient to show that the substance recovered was methamphetamine, for the possession of which the defendant was being prosecuted.

In Williams, supra, four other persons in addition to the defendant were staying in the trailer house that was searched, and the defendant was not shown to be in sufficient proximity to the narcotics, and no evidence other than the fact that the utility bills were in his name and appellant's presence was introduced to show he occupied the premises.

Collini v. State, supra, was reversed because the evidence did not connect the defendant with heroin found outside the house where the defendant had a room.

■ In the instant case, appellant occupied the premises as his residence, and was present during the search. When the officers asked the manager for a key to appellant's apartment he gave them such key, and the key he gave them fit the door to the apartment. There was no evidence that any of the others exercised any sort of control over the apartment, or that they were present in any capacity other than guests. The officers entered the apartment immediately after one of the men inside discovered them, and there was no opportunity for those inside to hide anything. Although there may be some question as to a sufficient link connecting the marihuana in the unidentified coat pocket with appellant, there are additional facts and circumstances which affirmatively link the accused to the knowledge and possession of the marihuana found hidden inside a cereal box in the kitchen cabinet of appellant's apartment. Hineline v. State, 502 S.W.2d 703 (1973), and cases cited.

The second ground of error is overruled.

In his first and fourth grounds of error, appellant contends that the court erred in permitting the introduction, over appellant's objection, of evidence of marihuana which was found as the result of an unlawful search and overruling appellant's motion to suppress said evidence. The grounds of error will be considered jointly. The search warrant and supporting affidavit were introduced for the record only.

Appellant first attacks the validity of the search warrant because of certain blank spaces not filled in by the magistrate. The warrant, after naming in the first paragraph the narcotic drugs allegedly in the possession of appellant, and the place where they are to be found, proceeds as follows:

"You are therefore commanded to forthwith search the place above named and described where the said narcotic drug and dangerous drug, to-wit: _____ are alleged to be concealed, . . ."

Although the blank was not filled in, it is clear that the magistrate referred to the narcotics and dangerous drugs allegedly possessed by appellant at the premises specified.

Later, on the warrant commands the officer to arrest and bring before the magistrate the said _____, accused of the possession of the said narcotics and dangerous drugs. Since the appellant was the only person named in the preceding paragraph as the one so accused, it again is clear that he was the person to be arrested and brought before the magistrate.

■ In neither instance is the meaning and intent of the warrant open to any logical or rational dispute. Considering the entire warrant and the accompanying affidavit incorporated by reference therein, there is no fatal defect. See Phenix v. State, Tex.Cr.App., 488 S.W.2d 759.

■ Appellant complains that the affidavit is void because, although it was

signed by two officers, it was sworn to by only one of the signers. The one affiant swore to the facts set forth in the affidavit. This is sufficient to comply with the requirements that the affidavit be sworn to by the party making it.

Appellant further complains that the language in the affidavit that the informer has given information "concerning narcotic offenses" is vague and ambiguous.

The affidavit reflects that the affiant believes the informant to be "reliable, credible and trustworthy as he has given information on numerous occasions in the past concerning narcotic offenses committed by individuals in the county and on several occasions the informant has proven to be reliable, true and correct."

■ It is not necessary, as appellant contends, that the affidavit recite that the informant had given information in the past leading to any conviction, drug arrests or narcotic seizures. See Hegdal v. State, Tex.Cr.App., 488 S.W.2d 782; Heredia v. State, Tex.Cr.App., 468 S.W.2d 833. In Gonzales v. Beto, 425 F.2d 963 (5th Cir., 1970), it was stated that the "requirement" of *Aguilar* could be met "by allegations to the effect that the informer had proven reliable on prior occasions." We find that the affidavit detailed sufficient information from which the affiant concluded that the informer was credible or his information reliable. Hegdal v. State, supra.

Appellant finally contends that the search and seizure were unlawful because of the manner of entry by the peace officers in that they did not knock or give notice and identify themselves before entering the apartment. This contention is without merit. The testimony was conflicting as to whether the entry was made by use of the apartment key or by merely turning the door handle to the apartment. Appellant has failed to show that a violation of Article 18.16, Vernon's Ann.C.C.P., did, in fact, occur. See Smith v. State, Tex.Cr.App., 491 S.W.2d 924.

■ Further, this Court has held that the failure to comply with Art. 18.16, supra, which provides that an officer shall give notice of his purpose before making a search, does not render the search illegal. Smith v. State, supra; Hilson v. State, Tex.Cr.App., 475 S.W.2d 788; Martinez v. State, Tex.Cr.App., 473 S.W.2d 520. See Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.

Appellant's first and fourth grounds of error are overruled.

Appellant contends in his third ground of error that the trial court committed prejudicial and reversible error in overruling defendant's motion to quash the indictment.

Appellant filed a pretrial motion to quash the indictment on the grounds that pursuant to Article 19.01, V.A.C.C.P., the grand jury commissioners were required to be freeholders in the County of Dallas. Consequently, appellant contends that there has been a systematic exclusion of all non-land holders in violation of the Fourteenth Amendment. This contention has been considered and rejected by this Court. See Aguero v. State, Tex.Cr.App., 476 S.W.2d 672; Scott v. State, Tex.Cr.App., 474 S.W.2d 226; Terry v. State, Tex.Cr.App., 451 S.W.2d 479.

Appellant's third ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.