James AVERY, Appellant,

v.

The STATE of Texas, Appellee.

No. 52239.

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

Rehearing Denied Feb. 9, 1977.

Tom Upchurch, Jr. and V. G. Kolius, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Bruce P. Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for keeping a gambling place. The jury assessed punishment at seven years' confinement in the Texas Department of Corrections.

The record reflects that on November 3, 1974, several law enforcement officials entered appellant's apartment in Amarillo, armed with a search warrant. While inside, they arrested the appellant and searched the apartment pursuant to the warrant. They seized items of gambling paraphernalia and tape recorded incoming phone calls while they were there. This evidence formed the basis of appellant's conviction.

Appellant challenged the admissibility of this evidence by a motion to suppress and by objections at the trial, the basis of the motion and objections being that the search warrant was issued without probable cause. The motion and objections were overruled.

Appellant contends that the affidavit upon which the search warrant was issued did not constitutionally satisfy the requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), because it failed to state sufficient facts from which a neutral magistrate could determine that the affiant correctly concluded that the informant "was 'credible' or his information 'reliable.'" Id., at 114. In short, appellant hangs his hat on the "second-prong."

The affidavit, in pertinent part, reads as follows:

"4. AFFIANTS HAVE PROBABLE CAUSE FOR SAID BELIEF BY REASON OF

THE FOLLOWING FACTS, TO–WIT: Within the last 24 hours of this date, November 3, 1974, two confidential informants, whose names are withheld for security reasons, told affiant, Dan Self, Intelligence Agent with the Texas Department of Public Safety that the suspected parties are in control of and are knowingly possessing gambling paraphe_rhalia with the intent to further gambling at the said suspected place. Both informants were present when James Avery removed the gambling paraphernalia from the above described suspected vehicle and took it into the suspected place. Affiant Self believes that this information given by such informants is reliable and that such information is credible for the following reason, such informants have both given information on numerous occassions in the past in reference to violations of the gambling laws of this state, to affiant Self."

In order to determine whether an affidavit states facts which are sufficient under *Aguilar* to establish the credibility and reliability of the informant, it is necessary to focus on the type of informant relied upon.

■ If the informant is named, the affidavit satisfies *Aguilar* when it also contains the information given by him, and such information is sufficiently detailed so as to suggest direct knowledge on his part. *Lopez v. State,* 535 S.W.2d 643, 648 (Tex.Cr. App.1976).

■ If the informant is unnamed, the minimal requirement is that the affidavit recite that the informant has no criminal record, and enjoys a good reputation among his associates and in the community. *Compare, Carvajal v. State,* 529 S.W.2d 517 (Tex.Cr.App.1975), *cert. denied,* 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976) *with, Caldarera v. State,* 504 S.W.2d 914 (Tex.Cr.App.1974) (and cases there cited). This is true even though the informant has not given information before, because an affidavit in support of a warrant to search need not recite that the affiant's informant has given information in the past. *See, Barnes v. State,* 504 S.W.2d 450, 454 (Tex. Cr.App.1974).

■ However, when an unnamed informant is relied upon, his credibility may be established under *Aguilar* simply "by allegations to the effect that the informer ha(s) proven reliable on prior occasions." *Gonzales v. Beto,* 425 F.2d 963, 968 (5th Cir.), *cert. denied,* 400 U.S. 928, 91 S.Ct. 194, 27 L.Ed.2d 189 (1970); 400 U.S. 1001, 91 S.Ct. 476, 27 L.Ed.2d 452 (1971). This is accomplished when the affiant swears that the informant has "given information in the past which has proven to be true and correct in every instance," *Curtis v. State,* 519 S.W.2d 883, 886 (Tex.Cr.App.1975); that the informant has given information on "prior occasions and on each occasion the information has proven to be reliable," *Morgan v. State,* 516 S.W.2d 188, 190 (Tex.Cr.App. 1974), *cert. denied,* 420 U.S. 947, 95 S.Ct. 1330, 43 L.Ed.2d 426 (1975); that the informant has given information "on several previous occasions . . . and on each occasion the information has proven to be true," *Powell v. State,* 505 S.W.2d 585, 586 (Tex.Cr.App.1974); that the informant "has given information on numerous occasions in the past . . . and on several occasions the informant has proven to be reliable, true and correct," *Barnes, supra,* at 454; that the informant has given information "many times in the past and the information has always been true and correct," *Sessions v. State,* 498 S.W.2d 933, 934 (Tex.

Cr.App.1973); that the informant has given information "on previous occasions and such information has proven to be true and correct," *Hegdal v. State,* 488 S.W.2d 782, 785 (Tex.Cr.App.1972); that the "informant has given the affiant true and reliable information on numerous occasions in the past . . . ," *Hilson v. State,* 475 S.W.2d 788, 790 (Tex.Cr.App.1972); that the informant "has furnish(ed) truthful and reliable information in the past . . . ," *Heredia v. State,* 468 S.W.2d 833, 834 (Tex.Cr.App. 1971); that the informant has given the affiant information on previous occasions which has proven to be correct, *Casas v. State,* 462 S.W.2d 581, 582 (Tex.Cr.App. 1970), *cert. denied,* 404 U.S. 841, 92 S.Ct. 135, 30 L.Ed.2d 75 (1971); or that the informant has given information on several prior occasions which has proven to be true and correct, *O'Quinn v. State,* 462 S.W.2d 583, 585 (Tex.Cr.App.1970).

 In the case at bar, the informants are not named informants. *Lopez, supra.* They are not unnamed first time informants. *Carvajal, supra; Caldarera, supra.* They are unnamed informants who have "given information on numerous occasions." As can be seen, the affidavit does not recite whether the prior information given "in reference to violations of the gambling laws of this state" turned out to be true or false. We hold that an affidavit which pitches the credibility of an unnamed informant solely on the fact that he has given the affiant information in the past must necessarily couple that prior information with some indicia of trustworthiness in order to allow a neutral magistrate to correctly conclude that the information presently before him probably follows suit.

The instant affidavit does not satisfy the "second-prong" of *Aguilar.* The search warrant should not have been issued upon such affidavit. Consequently, the evidence obtained pursuant to the search warrant which formed the basis of appellant's conviction should not have been admitted.

In reversing appellant's conviction, we are aware

". . . that affidavits for search warrants are normally drafted in the midst and haste of a criminal investigation, and adhere to the teachings of the United States Supreme Court in *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, that they must be interpreted 'in a common sense and realistic fashion.' (Citation). Nonetheless, in our efforts to avoid technical and strict interpretation, we must be ever mindful that we stay within the boundaries of constitutional requirements. (Citation)." *Ashmore v. State,* 507 S.W.2d 221, 223 (Tex.Cr.App.1974).

Because of such constitutional requirements, we, as a reviewing Court, ". . . must still insist that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." *Aguilar,* supra, 378 U.S. at 111, 84 S.Ct. at 1512.

Since we reverse appellant's conviction upon his initial contention, we deem it unnecessary to discuss the others.

The judgment of the trial court is reversed and the cause remanded.