Dino Phillip ACCARIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0680–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 20, 1983.

Jeanette Morrow, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before WARREN, DOYLE and LEVY, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a negotiated plea of guilty to the court. The court found appellant guilty of possession of a controlled substance with intent to deliver, and in accordance with the plea bargain, assessed his punishment at 10 years imprisonment.

This case involves the law of search and seizure when a dog's sniffing of baggage indicates that drugs are present in the baggage, and this information is used to procure a search warrant.

On May 25, 1982, appellant and a companion were in the Hollywood International Airport at Ft. Lauderdale, Florida, when they were observed by two agents of the Sheriff's Department. The agents concluded that the two men's actions were consistent with those of drug couriers in the south Florida area. One of the detectives phoned Sgt. Furstenfeld of the Houston Police Department and notified him that the two suspects would soon arrive in Houston, Sgt. Furstenfeld went to the United States Customs Office and obtained a narcotics detection dog named "Vain 1459" to check the baggage on the incoming flight.

As the luggage was being unloaded, the dog sniffed the bags and indicated that two of them belonging to appellant contained narcotics. When appellant retrieved his baggage, Furstenfeld and officer Nichols confronted him and his companion, and asked for identification. The two were informed that a drug detection dog had indicated that their bags contained narcotics. The suspects refused to allow the officers to search the bags without a warrant. They were placed under arrest and informed that they would be detained until a search warrant could be procured. A warrant was obtained, the baggage was searched, and 400 grams of diazepam was found in the luggage.

Before trial, appellant filed a motion to suppress, alleging that the evidence seized, to wit: 12,000 Diazepam tablets, was seized as a result of an illegal search, because of defects in the search warrant and its accompanying affidavit. The court overruled this motion.

In two grounds of error, appellant claims:
(1) that the affidavit supporting the search warrant was insufficient to show probable cause because it failed to supply circumstances establishing the credibility and reliability of the informant dog; and,
(2) the controlled substance was inadmissible because it was seized pursuant to an illegal arrest and was not justified on other grounds.

Under the first point of error, appellant argues that the affidavit did not meet the requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) because it failed to show how the dog concluded the drugs were in the bags and that it failed to show how the police officer concluded the dog was reliable.

The portion of the affidavit pertinent to this argument follows:

> Your affiant is personally aware that the aforesaid dog has been utilized by United States Customs for purposes of "sniffing out" controlled substances for six years. Further, your affiant has learned from United States Customs that this dog has received specialized training in the detection and location of controlled substances and has on numerous previous occasions located controlled substances that were secreted within closed containers. Your affiant has personally observed this dog successfully detect controlled substances in closed containers *in the past* and it is the opinion of your affiant, based upon the aforesaid, that this dog is an expert in locating controlled substances.

Speaking generally, *Aguilar* holds that before a magistrate may issue a search warrant on an affidavit based on hearsay information, the magistrate must be informed of some of the underlying circumstances on which the informant based his conclusions, and some of the underlying circumstances from which the officer applying for the search warrant concluded that the informant was credible or that the informant was reliable. If an informant is named, the affidavit satisfies *Aguilar*, if it also contains information given by him, and such information is sufficiently detailed so as to suggest direct knowledge on his part. *Avery v. State*, 545 S.W.2d 803 (Tex.Cr. App.1977); *Lopez v. State*, 535 S.W.2d 643 (Tex.Cr.App.1976).

Appellant attempts to liken our case to one where an informant is unnamed, because the informant in our case is unable to testify.

Although there are decided differences between our case and one involving an unnamed informer, we will consider appellant's contention, assuming that Vain is equivalent to an unnamed informer. The dog was shown to have been specially trained to detect concealed narcotics through the use of olfactory sense and to convey his findings by a method which had previously been observed by affiant. Con-

sidering Vain's training and past performances, we find the first prong of *Aguilar* to be satisfied. That portion of the affidavit setting out Vain's prior training and use by the United States Customs Service, together with affiant's personal observance of Vain *successfully* detecting controlled substances in closed containers, would satisfy the second requirement: that the affidavit show the informant to be credible.

We do not consider the affiant's failure to state how Vain indicated that narcotics were present to be fatal to the affidavit. A neutral and detached magistrate could infer from the facts stated in the affidavit that Vain had signaled by some method, previously viewed by the affiant, such as whining, barking or scratching the luggage.

The affidavit satisfies both prongs of *Aguilar*. Appellant's first ground of error is overruled.

Appellant's remaining ground of error urges that the controlled substance was inadmissible because it was seized pursuant to an illegal arrest. Appellant reasons that since the use of the dog was not justified, the remaining facts available to the officers would not support an arrest, therefore, the arrest was illegal. In his brief, appellant argues that "only if the use of the dog was authorized could its reaction, coupled with the drug courier profile facts, supply sufficient probable cause for arrest."

As the sniffing of luggage by a dog is neither an investigatory stop nor a search and seizure, a reasonable and articulable suspicion is not necessary before this is authorized. *United States v. Place*, —— U.S. ——, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983).

This being so, appellant's argument must fail. In dicta, the Supreme Court of the United States, in *Florida v. Royer*, 460 U.S. ——, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), at p. 1329 suggested that a matching drug courier profile coupled with a positive sniffing by a trained dog constitute probable cause for an arrest. We agree with this observation.

This ground of error is overruled.

Affirmed.