**Paul OLIVARRI, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–402–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 1, 1992.

E. Dale Robertson, Brownsville, for appellant.

Luis V. Saenz, Dist. Atty., John A. Olson, Asst. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

Seerden, Justice.

Pursuant to a plea agreement, appellant pled nolo contendere to possessing between 50 and 200 pounds of marihuana. The trial court assessed his punishment at five years in prison. We affirm.

The marihuana used to convict appellant was seized from his house pursuant to a search warrant based on the affidavit of Officer Chris Trevino. Before trial, appellant filed a motion to suppress, alleging that Trevino included false statements in the affidavit. The trial court heard evidence and overruled the motion.

■ Appellant contends in his first three points of error that the trial court erred. As all three points concern the trial court's ruling, we will combine them for discussion. In *Franks v. Delaware*, 438 U.S. 154, 158, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978), the United States Supreme Court determined that a defendant may challenge a facially sufficient affidavit by showing that it includes a false statement made knowingly, intentionally, or with reckless disregard for the truth.[1] When it is determined that an officer has so included a false statement in his affidavit, the remedy is to strike the false portion

---

1. To prove reckless disregard, a defendant must show that the affiant in fact entertained serious doubts about the truth of his allegations. *United States v. Williams*, 737 F.2d 594, 602 (7th Cir.1984). A fact finder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations. *Id.*

and then judge the remaining portion to determine probable cause. *Id.; State v. Brady*, 763 S.W.2d 38, 40 (Tex.App.—Corpus Christi 1988, no pet.).

Trevino's affidavit reads as follows:

Affiant was contacted by a reliable and credible person, who the affiant believes to be a trustworthy person and **a person who has provided credible and reliable information in the past, which information has proven to be true and correct about narcotics traffic in the area.** The affiant has initiated an investigation into the activities of the above named individual and has verified certain portions of the information relative to the above named being of record of being a distributor of marihuana. Other verified information has indicated that the above individual has also been distributing cocaine. On this occasion the **affiant** relates that she/he personally observed that marihuana was being concealed within the premises described above, more so in a storage shed to the rear of the residence. That the quantity of marihuana is to be shipped out of the valley withint (sic) the next few days. Previous surveillance at the location, officers have observed the above named individual checking the premises surrounding the house and roads leading to the house as such as looking for unwanted vehicles or persons, this being a usual system used by distributors when they are about to distribute there (sic) contraband.

We have highlighted the portions of the affidavit which appellant contends satisfy the above standard and must be excised.

To address appellant's contentions, it is necessary to review the evidence introduced at the suppression hearing. Officer Trevino was the sole witness. Appellant asked him about the basis of his statement that the informant "provided credible and reliable information in the past, which information has proven to be true and correct about narcotics traffic in the area." Trevino testified that the informant gave him information on four different occasions. All of the information related to appellant. The information was that appellant had been convicted before, was a narcotics trafficker, lived at a certain place, and would look around and conduct surveillance. Trevino confirmed that appellant had been convicted before. By checking reports from other agencies, Trevino confirmed that appellant was a narcotics trafficker. Trevino determined that the informant was correct in relating where appellant lived. Finally, Trevino verified that appellant would look around and conduct surveillance. Trevino thus determined that each fact the informant told him proved to be true and correct.

On January 2, the informant gave Trevino the information which he placed in his warrant affidavit. Before applying for the warrant, Trevino personally observed that appellant acted as a lookout on that date and surveilled his property.

■ Although appellant contends that Trevino's statements regarding the credibility and reliability of his informant were false, we believe appellant's complaint is really that Trevino stretched the truth by not disclosing the limited nature of the information which he previously received from his informant.[2] We find Trevino's basis for his conclusion slim, but we cannot say that he had no basis for his statement

---

2. The Court of Criminal Appeals has generally accepted that an unnamed informant's reliability may be established by the affiant's general assertions of prior reliability. *See Capistran v. State*, 759 S.W.2d 121, 128 (Tex.Crim.App.1988); *Avery v. State*, 545 S.W.2d 803, 804–805 (Tex. Crim.App.1977). Such practice has been criticized. *See* Lafave, Search and Seizure, 2d Ed., § 3.3(b), 636–638 (1987). Nonetheless, because the general assertions of prior reliability are sufficient, Texas Courts have not had an opportunity to address what types of facts, when verified, permit an officer to conclude that an informant is reliable. Generally, a defendant could only obtain the facts serving as the basis for the officer's conclusion through a hearing in which the affiant discloses the specifics of his prior contacts with the unnamed informant. Courts have been reluctant to permit this line of questioning because an affiant who particularizes his informant's past accomplishments runs the risk of revealing his informant's identity.

or that his statement was deliberately or recklessly false.

In a *Franks* hearing, the defendant is required to show that the officer intentionally or knowingly included a statement which was false or made a statement in reckless disregard for the truth. The defendant must establish the allegation of perjury or reckless disregard for the truth by a preponderance of the evidence. *Franks,* 438 U.S. at 156, 98 S.Ct. at 2676. Appellant introduced no evidence to show that Officer Trevino had any doubts about the reliability of his informant, i.e., reckless disregard, or was knowingly or intentionally misstating that he considered the informant to be reliable based on past information. Under such circumstances, we cannot find that the trial court erred.

As an aside, we note that an informant's reliability may be established by means other than his supplying of information about criminal activity. *See United States v. Reyes,* 792 F.2d 536, 539 (5th Cir.1986).[3] We can find no authority to hold that an affiant's basis for finding the informant reliable must be of any certain nature. What is required is that the affiant actually have some basis for concluding that the informant is credible concerning the type of information supplied. *See* La-Fave, § 3.3(b), p. 627. Officer Trevino had a basis for believing that his informant was credible, and we cannot find that the trial court erred in ruling against appellant's challenge. Appellant's first two points of error are overruled.

In his third point, appellant contends that the marihuana should have been suppressed because Officer Trevino intentionally, knowingly, or recklessly stated falsely that the *affiant* had personally observed the marihuana. At the motion to suppress hearing, Officer Trevino testified that the affidavit should have stated that the *informant,* not the *affiant,* personally

observed the marihuana. Trevino testified that his error was typographical. He explained that with the rush hour and the time which he needed to provide this affidavit, he printed *affiant* rather than *informant.* Appellant introduced no evidence to controvert Trevino's explanation. Trevino, in effect, admitted to making a careless error. Misstatements made innocently or negligently are not a basis for challenging a search. *Franks,* 438 U.S. at 171, 98 S.Ct. at 2684. We find that the trial court could have accepted Trevino's explanation and found that the error was not intentional, knowing, or reckless. Appellant's third point of error is overruled.

In point four, appellant contends that the trial court erred in overruling his special plea of double jeopardy. He argues that his conviction for possessing marihuana places him in jeopardy a second time because the Comptroller of Public Accounts has already assessed a tax of $2,030,383 against him for failing to pay tax on the purchase, acquisition, importation, manufacture or production of marihuana. Recently, in *Ex parte Kopecky,* 821 S.W.2d 957 (Tex.Crim.App.1992), the Court determined that the Jeopardy Clause was not violated by the defendant's conviction for both possession of phenylacetone and possessing phenylacetone without a tax payment certificate. *Id.* at 958–61. Although appellant did not show that he was placed in jeopardy a first time, even if he had been, his conviction for possession would not constitute a violation of the Jeopardy Clause. The Court of Criminal Appeals determined in *Kopecky* that the Legislature authorized punishment under the Controlled Substances Act and additional punishment under the Tax Code. *Id.* Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.

---

*See generally,* LaFave, Search and Seizure, 2d Ed. § 3.3(b), 629 (1987).

**3.** In *Reyes,* the informant had gained the officer's trust because on several occasions the officer had questioned him concerning his whereabouts at particular times which were already known to the officer. Each time the informant answered truthfully. *Reyes,* 792 F.2d at 539.