**Jesse CERDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–059–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 14, 1993.

Houston Munson, III, Gonzales, for appellant.

W.C. Kirkendall, Dist. Atty., Frank Follis, Asst. Dist. Atty., Seguin, for appellee.

Before NYE, C.J., and KENNEDY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Jesse Cerda, guilty of the offense of unlawful possession of a controlled substance (cocaine). The trial court assessed punishment at forty-five years in prison. By a single point of error, appellant complains that the trial court erred in refusing to suppress evidence obtained from him pursuant to an invalid search warrant. We affirm.

The cocaine used to convict appellant was seized from him pursuant to a search and arrest warrant based on the affidavit of D.J. Brzozowski, the Gonzales County Sheriff. Before trial, appellant filed a motion to suppress, alleging relevant to this appeal,[1] that the search violated the Fourth Amendment of the United States Constitution and Article 1, § 9 of the Texas Constitution because the search warrant affidavit was insufficient in that it was based upon information received from an unnamed informant, and it did not state sufficient facts to support a belief that the informant was reliable and credible. The trial court heard evidence and overruled the motion.

The pertinent part of the affidavit sworn to by affiant Brzozowski, reads:

1. THERE IS IN GONZALES COUNTY, TEXAS, A SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS: Room 110 at the Airport Motel, Highway 183 North in Gonzales County, Texas

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF TEXAS AND DESCRIBED AS FOLLOWS: Cocaine

3. SAID SUSPECTED PLACE AND PREMISES ARE IN CHARGE AND CONTROLLED BY EACH OF THE FOLLOWING PERSONS: Jesse Cerda

4. IT IS THE BELIEF OF THE AFFIANT, AND HE HEREBY CHARGES AND ACCUSES, THAT: The above subject has in his possession in Room 110 of the Airport Motel, a useable amount of Cocaine.

5. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS: Reliable information from a reliable informant that has been reliable on three other occasions, has told me, D.J. Brzozowski, that she has just bought a useable amount of Cocaine from Jesse Cerda at Room 110 of the Airport Motel within the last hour.

■ The adequacy of a search warrant affidavit is judged by its "four corners." This rule exists because the information contained within the "four corners" is the information which the magistrate had before him when he issued the warrant. *Doescher v. State*, 578 S.W.2d 385, 387 (Tex.Crim.App.1978). *See Oubre v. State*, 542 S.W.2d 875, 877 (Tex.Crim.App.1976). The Court of Criminal Appeals has generally accepted that an unnamed informant's reliability may be established by the affiant's general assertions stated in the affidavit concerning the informant's prior reliability. *Olivarri v. State*, 838 S.W.2d 902, 904 n. 2 (Tex.App—Corpus Christi 1992, no pet.). *See Capistran v. State*, 759 S.W.2d 121, 128 (Tex.Crim.App.1988); *Avery v.*

---

1. In his appellate brief, appellant's counsel states that he: filed a motion to suppress a search warrant issued by the Honorable Jan Reinier of Gonzales County, Texas. As grounds therefore, it was alleged and suggested by Defendant that the affidavit upon which the search warrant was based was insufficient in that it was based upon information received from an unreliable unnamed informant and therefore failed to state sufficient facts from which a neutral magistrate could determine that the affiant correctly concluded that the information was credible or his information reliable.

*State,* 545 S.W.2d 803, 804–05 (Tex.Crim. App.1977).

In *Illinois v. Gates,*[2] the Supreme Court abandoned the rigid two-prong test for determining whether an informant's report establishes probable cause as delineated in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The appellate courts now examine the particular factual context and apply a "totality of the circumstances" standard.[3] *See United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965). The *Gates* standard has been adopted in Texas. *Bower v. State,* 769 S.W.2d 887, 903 (Tex.Crim. App.1989), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989); *Sanchez v. State,* 825 S.W.2d 761, 763 (Tex. App.—Houston [14th Dist.] 1992, no pet.).

■ In the instant case, the affidavit shows that the information came from an informant who had purchased cocaine from appellant within the last hour at Room 110 of the Airport Motel and that she had given reliable information on three past occasions. We hold that the affidavit was sufficient on its face. *See Olivarri,* 838 S.W.2d at 904 n. 2; *Capistran,* 759 S.W.2d at 128; *Avery,* 545 S.W.2d at 804–05.

Even though the affidavit satisfied this standard, a defendant may still attack the affidavit as invalid by claiming that the affiant included information in the "four corners" which was either not true or was placed in the affidavit with reckless disregard for the truth. In this respect, the defendant bears the burden to show that the affiant made that type of statement. *See Franks v. Delaware,* 438 U.S. 154, 158, 98 S.Ct. 2674, 2678, 57 L.Ed.2d 667 (1978).[4] At this point, the evidence presented at the suppression hearing becomes relevant to the validity of the warrant.

Viewing the evidence in the light most favorable to the prosecution, Brzozowski testified that he had met Sandra Davis (the informant) in January or February 1990 and that she had provided him information concerning persons who dealt drugs. He had used that information to obtain at least four indictments of persons allegedly dealing drugs. On July 30, 1991, Davis informed him that appellant was selling narcotics. He verified this information by having his officers set up surveillance on appellant. Davis bought cocaine from appellant, and pursuant to the warrant, Deputies Conley and Holub entered Room 110 of the Airport Motel and arrested and searched appellant. They found cocaine and $316 in cash in his pants pockets. The cocaine and cash were admitted into evidence during appellant's trial.

At the suppression hearing, appellant challenged Brzozowski's assertions that Davis was reliable. He elicited from Brzozowski that Davis was known to have used drugs and that she had been indicted for forgery. When defense counsel asked Brzozowski whether he had agreed to talk to the District Attorney's Office about helping Davis with the forgery if she would help him "bust" or "set up" appellant, Brzozowski denied that he had promised anything to Davis or to her common-law husband, Kenneth Molnoskey. He testified that "[t]he only thing that would have been said was I would talk to the DA or Assistant DA. That is the only thing that would have been said."

When defense counsel called Sandra Davis to the witness stand, she repeatedly invoked her Fifth Amendment right not to testify.

**2.** 462 U.S. 213, 230–33, 103 S.Ct. 2317, 2327–28, 76 L.Ed.2d 527 (1983).

**3.** The "totality of the circumstances" standard is still limited, however, to the circumstances included *in the affidavit.*

**4.** In *Franks,* the United States Supreme Court determined that a defendant may challenge a facially sufficient affidavit by showing that it included a false statement made knowingly, intentionally, or with reckless disregard for the truth. To prove reckless disregard, a defendant must show that the affiant in fact entertained serious doubts about the truth of his allegations. *United States v. Williams,* 737 F.2d 594, 602 (7th Cir.1984). A fact finder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations.

Kenneth Molnoskey testified that because appellant had caused some problems between himself and Davis, he decided to get back at appellant by going to Brzozowski. He also testified that on July 29, 1991 (one day before appellant was arrested pursuant to the warrant), he had made a deal with Brzozowski for Davis to set up appellant. According to Molnoskey, Brzozowski "had her [Davis] go over there and purchase some and give it to him [Brzozowski]...." In exchange for Davis' help, Brzozowski was going to talk to the DA and see what he could do about some forged checks. When the State's attorney asked Molnoskey if his testimony was that Davis may not have given Brzozowski information before, he responded: "Well, I could—I can say that I don't know if she did or didn't. I don't really know."

Thomas Jalufka, Davis' probation officer, testified that Davis was on probation for the offense of injury to a child. He indicated that Davis had failed to report to him thirteen times. He also testified that Davis did not undergo urine tests or any type of required testing on five occasions, that she had admitted to "IV use," that she had associated with drug users, and that she had left a treatment facility. He testified that the information that he received from her was not reliable and that to him she was not trustworthy. Jalufka testified that Davis had told him "that she was going to help the Sheriff get the person [appellant] who was supplying these drugs to her."

■ In a *Franks* hearing, the defendant is required to show that the affiant intentionally or knowingly included a statement which was false or made a statement in reckless disregard for the truth. The defendant must establish the allegation of perjury or reckless disregard for the truth by a preponderance of the evidence. *Franks*, 438 U.S. at 156, 98 S.Ct. at 2676; *Olivarri*, 838 S.W.2d at 905. Appellant introduced no evidence to show that Sheriff Brzozowski had any doubts about the reliability of his informant, *i.e.*, reckless disregard, or was knowingly or intentionally misstating that he considered the infor-

mant to be reliable based on past information. We therefore hold that under these circumstances, the trial court did not err in refusing to suppress the evidence obtained from appellant pursuant to the search warrant.

We overrule appellant's point of error and AFFIRM the trial court's judgment.