TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00328-CR







Guadalupe Robert Natal, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-10,452, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 Guadalupe Robert Natal appeals from an order revoking probation. On November 2,
1994, following the execution of a search and arrest warrant on his home, Natal was arrested for
possession of marihuana. See Tex. Health & Safety Code Ann. § 481.121 (West Supp. 1998). Based
on the offense, the State moved to revoke Natal's probation. (1) He filed motions to suppress evidence and
to disclose an informer's identity. Following a hearing, the court overruled the motions and revoked
Natal's probation. He complains (1) the affidavit supporting the search warrant failed to establish probable
cause and (2) the trial court erred by failing to disclose the informer's identity. We will affirm the trial-court
order. 


The Controversy


 On November 2, 1994, Kenneth D. Kaigler, a Caldwell County deputy sheriff and member
of the Capitol Area Narcotics Task Force, prepared an affidavit for search and arrest along with a
corresponding warrant. A Hays County judge issued the warrant that day. The warrant authorized the
search of Natal's home. Upon executing the warrant, the police found him and another man sitting on the
front porch and after searching the home found a total of 3.9 pounds of marihuana. Natal was arrested. 


Motion to Suppress


 In point of error one, Natal contends the trial court abused its discretion by failing to
suppress all evidence recovered during the search. He complains that Kaigler's affidavit supporting the
search and arrest warrant failed to establish probable cause to search the home and arrest Natal.

 The pertinent parts of the affidavit provided:


1. There is in Hays County a suspected place and premises described as follows:


Single wide mobile home, one family residence described as dark red with beige siding,
on the end opposite of South Old Bastrop Hwy, with a add-on composition roof. The
mobile home has a add-on covered porch with sliding glass door. Including out building
located between main house and dark red mobile home. The mobile home is located in
a southerly direction from the main house. Located on mail box in at drive way that leads
to the main house and dark red mobile home gives an address of 3411 South Old Bastrop
Hwy. The driveway to 3411 South Old Bastrop Hwy is approximately 1 miles south from
State Hwy 123. The location is located on the east side of South Old Bastrop Hwy.


3. Said suspected place and premises are in charge of and controlled by each of the
following persons:


Hispanic male known as Wally Natal approximately 6'00" in height with a weight of
approximately 220 pounds, long dark curly hair with beard and mustache. Wally Natal
is described as wearing a wool knit cap.


5. Affiant has probable cause for said belief by reason of the following facts:


. . . 


Affiant has received information from a cooperating individual that in the past 72 hours the
cooperating individual has seen a usable quantity of marijuana located inside above
described dark red mobile home located at 3411 South Old Bastrop Hwy also known as
County Road 266. The cooperating individual in the past has seen Wally Natal remove
marijuana from the out building located next to the main house between the main house and
the dark red mobile home. The cooperating individual has provided information in the past
that has proven to be credible and reliable that has resulted in the seizure of illegal
narcotics. The cooperating individual wishes to remain confidential due to the fear of the
cooperating individual's life and the safety of the cooperating individual's family. The
cooperating individual's life had been threatened in the past by Wally Natal. 



 No search warrant may issue unless supported by an affidavit setting forth substantial facts
establishing probable cause for its issuance. Tex. Code Crim. Proc. Ann. art. 18.01 (West Supp. 1998). 
Probable cause exists when the facts submitted to the magistrate are sufficient to justify a conclusion the
object of the search is probably on the premises at the time the warrant is issued. Cassias v. State, 719
S.W.2d 585, 587 (Tex. Crim. App. 1986); Hackleman v. State, 919 S.W.2d 440, 447 (Tex.
App.--Austin 1996, pet. ref'd untimely filed). In reviewing the sufficiency of a search warrant affidavit,
we consider the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 234 (1983); Eisenhauer
v. State, 754 S.W.2d 159, 164 (Tex. Crim. App. 1988). Only the facts within the four corners of the
affidavit may be considered. Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992). The
magistrate is permitted to draw reasonable inferences from the affidavit which should be interpreted in a
common sense and realistic manner. Lagrone v. State, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987);
Carroll v. State, 911 S.W.2d 210, 216 (Tex. App.--Austin 1995, no pet.). At a suppression hearing,
the trial court is both the trier of fact and arbiter of the legal significance of the facts. Dubose v. State, 915
S.W.2d 493, 496-97 (Tex. Crim. App. 1996). 

 After-the-fact scrutiny of the sufficiency of a search warrant affidavit should not take the
form of de novo judicial review. Instead, the issuing magistrate's determination of probable cause should
be given great deference by reviewing courts, and should be sustained so long as the magistrate had a
substantial basis for concluding a search would uncover evidence of wrongdoing. Gates, 462 U.S. at 236. 
As the Supreme Court explained, "search and arrest warrants long have been issued by persons who are
neither lawyers nor judges, and who certainly do not remain abreast of each judicial refinement of the nature
of 'probable cause.'" Id. at 235. Judicial review of the decision to issue a search warrant must take into
account that many warrants are issued on the basis of nontechnical, common-sense judgments of laymen
applying a standard less demanding than that used in formal legal proceedings. Id. at 235-36. In summary,
the task of the issuing magistrate is to make a practical, common-sense decision whether, given all the
circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying
hearsay information, there is a fair probability contraband or evidence of a crime will be found in a
particular place. The duty of a reviewing court is to ensure the magistrate had a substantial basis for
concluding probable cause existed. Id. at 238-39.

 The Court of Criminal Appeals recently revisited in another context the subject of appellate
review of probable-cause determinations. See Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App.
1997). The Guzman court stated that a trial court's finding of probable cause is a mixed question of law
and fact that reviewing courts should generally review de novo. Id. at 89. Guzman, however, involved
a warrantless search and arrest and did not address the review of a magistrate's determination that
probable cause was stated in a search-warrant affidavit. The Guzman opinion draws on the reasoning of
the United States Supreme Court in Ornelas v. United States, ___ U.S. ___, 134 L. Ed. 2d 911 (1996). 
The Ornelas Court held that questions of reasonable suspicion and probable cause arising out of
warrantless searches should be reviewed de novo on appeal. Id. at 920. The Court was careful to
distinguish appellate review of a warrantless search from appellate review of a magistrate's decision to issue
a search warrant. Citing Gates, the Court stated, "the scrutiny applied to a magistrate's probable-cause
determination to issue a warrant is less than that for warrantless searches. Were we to eliminate this
distinction, we would eliminate the incentive" for police to obtain a warrant. Id. Given Guzman's reliance
on Ornelas, we do not understand Guzman to alter previous holdings by the Court of Criminal Appeals
that a magistrate's probable-cause determination is not subject to de novo review.

 Natal raises several complaints about the affidavit supporting the search and arrest warrant.
He contends (1) Kaigler relies solely on a confidential informer, and did not perform an independent police
investigation or make any effort to corroborate the informer's information; (2) the affidavit shows no
verifiable indicia of the informant's reliability; (3) the required probable-cause language is artfully rearranged
to evade the necessity of making allegations regarding the credibility and reliability of the informer; (4) the
affidavit is unclear how many times the informer had provided information; (5) no previous arrests are
alleged; (6) there is no indication the informer was familiar with and could recognize marihuana; and (7) the
informer did not see Natal possess marihuana within the alleged time frame.

 Based on the totality of the circumstances, we find the magistrate had a substantial basis
for concluding probable cause existed. Police officers are not required to perform independent
investigations or make specific efforts to corroborate information when, based upon information supplied
previously, the informer is shown to be credible and reliable. Capistran v. State, 759 S.W.2d 121, 128
(Tex. Crim. App. 1982). The statement, "the individual has provided information in the past that has
proven to be credible and reliable [and] that has resulted in the seizure of illegal narcotics," is factual
information from which the magistrate could reasonably infer the informer had been credible and reliable
in the past and that the information given in this instance was also reliable. See Olivarri v. State, 838
S.W.2d 902, 904-05 (Tex. App.--Corpus Christi 1992, no pet.) (reliability of informer established when
affidavit declared informer had information that proved true "about narcotics traffic in the area"). A
common-sense reading of this statement also justifies a conclusion by the magistrate that previous arrests
had been based on information given by this informer. Although the affidavit does not specifically mention
the informer's ability to recognize marihuana, the magistrate reasonably could infer the informer would be
familiar with marihuana because of the statement that his information had in the past led to seizure of illegal
drugs. See Richardson v. State, 622 S.W.2d 852, 857 (Tex. Crim. App. 1981) (unnecessary for
informer to establish explicitly ability to recognize marihuana). Natal contends that while the affidavit alleges
the informer saw Natal in possession of marihuana, the affidavit fails to allege the informer saw Natal in
possession within seventy-two hours of making the affidavit. Kaigler stated that, within seventy-two hours
of making the affidavit, the informer observed marihuana inside appellant's mobile home. And in the past
the informer saw Natal moving marihuana from the out building. We overrule Natal's first point of error.


Motion to Disclose Informer's Identity


 In point of error two, Natal contends the trial court erred by failing to require disclosure
of the informer's identity. See Bodin v. State, 807 S.W.2d 313 (Tex. Crim. App. 1991). In criminal
cases the prosecution generally has the privilege not to disclose the identity of a confidential informer. See
Tex. R. Evid. 508. There are exceptions to this general rule. If a defendant shows an informer may be able
to give testimony necessary to a fair determination of guilt or innocence the court shall give the prosecution
an opportunity to show in camera facts relevant to that testimony. Tex. R. Evid. 508(c)(2). The informer's
expected testimony must significantly aid the defendant and mere conjecture or supposition about possible
relevancy is insufficient. Bodin, 807 S.W.2d at 318. Because the defendant may not know the actual
nature of the informer's testimony, the defendant should only be required to make a plausible showing of
how the informer's information may be important. Id. Natal contends it is plausible the other man present
at the house, when the warrant was executed, was the informer because he was not arrested.

 At the hearing on the motion to disclose the informer's identity, Kaigler testified the informer
made at the residence several "controlled buys" of drugs from Natal before the warrant was executed.
None of the controlled buys were the bases of charges filed against Natal; they were used only to establish
the informer's reliability. Kaigler explained the informer was used for the warrant only and was not present
at the time the search warrant was executed. Further, the informer's testimony would have related to
events that occurred before the day of the search and arrest and would constitute inadmissible evidence
of extraneous offenses. See Edwards v. State, 813 S.W.2d 572, 580 (Tex. App.--Dallas 1991, pet.
ref'd). We overrule Natal's second point of error.

 We affirm the trial court's order.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: July 16, 1998

Do Not Publish

1. In 1986, Natal pleaded guilty to possession of cocaine and was sentenced to ten years' confinement,
probated for ten years and a $500 fine.


n v. State, 759 S.W.2d 121, 128
(Tex. Crim. App. 1982). The statement, "the individual has provided information in the past that has
proven to be credible and reliable [and] that has resulted in the seizure of illegal narcotics," is factual
information from which the magistrate could reasonably infer the informer had been credible and reliable
in the past and that the information given in this instance was also reliable. See Olivarri v. State, 838
S.W.2d 902, 904-05 (Tex. App.--Corpus Christi 1992, no pet.) (reliability of informer established when
affidavit declared informer had information that proved true "about narcotics traffic in the area"). A
common-sense reading of this statement also justifies a conclusion by the magistrate that previous arrests
had been based on information given by this informer. Although the affidavit does not specifically mention
the informer's ability to recognize marihuana, the magistrate reasonably could infer the informer would be
familiar with marihuana because of the statement that his information had in the past led to seizure of illegal
drugs. See Richardson v. State, 622 S.W.2d 852, 857 (Tex. Crim. App. 1981) (unnecessary for
informer to establish explicitly ability to recognize marihuana). Natal contends that while the affidavit alleges
the informer saw Natal in possession of marihuana, the affidavit fails to allege the informer saw Natal in
possession within seventy-two hours of making the affidavit. Kaigler stated that, within seventy-two hours
of making the affidavit, the informer observed marihuana inside appellant's mobile home. And in the past
the informer saw Natal moving marihuana from the out building. We overrule Natal's first point of error.


Motion to Disclose Informer's Identity


 In point of error two, Natal contends the trial court erred by failing to require disclosure
of the informer's identity. See Bodin v. State, 807 S.W.2d 313 (Tex. Crim. App. 1991). In criminal
cases the prosecution generally has the privilege not to disclose the identity of a confidential informer. See
Tex. R. Evid. 508. There are exceptions to this general rule. If