In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00204-CR
______________________________


THOMAS DALE AMBURN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 29447-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Executing a search warrant at Thomas Dale Amburn's residence on October 16, 2001, law
enforcement officials discovered and seized quantities of marihuana, methamphetamine, $1,843.00
in cash, weapons, surveillance cameras, and various drug paraphernalia. On appeal from his
conviction for possession of a controlled substance with intent to deliver, Amburn challenges the
warrant, asserting it was not based on the required showing of probable cause. Specifically, Amburn
argues that the affidavit underlying the search warrant contained conclusory statements and
insufficient specific facts to establish a substantial basis from which a neutral magistrate could infer
the existence of probable cause. Amburn, therefore, asserts the trial court erred in denying his
motion to suppress the evidence. We disagree.
            In determining whether an affidavit provided probable cause for issuance of a search warrant,
we are limited to the four corners of the affidavit; but "we do not place blinders on the process
whereby a neutral and detached magistrate must decide whether there are sufficient facts stated to
validate the issuance of a proper warrant." Gibbs v. State, 819 S.W.2d 821, 830 (Tex. Crim. App.
1991). The affidavit itself should be interpreted in a common-sense and realistic manner, and the
reviewing magistrate may draw reasonable inferences from the statements made in the affidavit. Id. 
We should pay great deference to a magistrate's determination of probable cause and should not
invalidate warrants through hypertechnical interpretation of their supporting affidavits. Illinois v.
Gates, 462 U.S. 213, 236 (1983) (citing Spinelli v. United States, 393 U.S. 410, 419 (1969); United
States v. Vantresca, 380 U.S. 102, 109 (1965)).
            In Gates, the United States Supreme Court reaffirmed the traditional standard for reviewing
an issuing magistrate's probable cause determination. The Court indicated that a warrant would be
valid so long as the magistrate had a substantial basis for issuing the warrant, concluding that, under
the totality of the circumstances, a search would uncover evidence of wrongdoing. Id. at 236–38
(citing Jones v. United States, 362 U.S. 257, 271 (1960)). The totality of the circumstances includes
the credibility and reliability of the informant and the informant's information, as well as the basis
for the informant's knowledge. See Gates, 462 U.S. at 230–31; Osban v. State, 726 S.W.2d 107
(Tex. Crim. App. 1986), overruled on other grounds, Heitman v. State, 815 S.W.2d 681, 690 (Tex.
Crim. App. 1991). We affirm the trial court's ruling if the ruling is reasonably supported by the
record and is correct on any theory of law applicable to the case. Roberts v. State, 963 S.W.2d 894,
903 (Tex. App.—Texarkana 1998, no pet.).
            The affidavit being questioned on appeal states in relevant part:
1. THERE IS IN GREGG COUNTY, TEXAS A SUSPECTED PLACE
DESCRIBED AND LOCATED AS FOLLOWS: A single family residence bearing
the address 118 Hughes St. in Longview Gregg County Texas. The residence is on
the south side of the roadway facing north. The residence is half red brick and half
white siding with gray trim. From the intersection of Green St. and Hughes St.,
travel west on Hughes St. to the house marked 118. The number 118 is marked on
the house to the right of the door.

2. THE SUSPECTED PLACE IS IN CHARGE OF AND CONTROLLED BY
EACH OF THE FOLLOWING NAMED PARTIES (HEREAFTER CALLED
"SUSPECTED PARTY" WHETHER ONE OR MORE) TO WIT: A white male
who is known to go by the name Thomas Amburn and is further described as being
about 5'06" and 150 pounds. Longview Police records indicate the suspected party
is Thomas Dale Amburn, DOB 09-28-78.

3. IT IS THE BELIEF OF AFFIANT, AND AFFIANT HEREBY CHARGES AND
ACCUSE [sic] THAT SAID SUSPECTED PARTY HAS POSSESSION OF, AND
IS CONCEALING WITHIN SAID SUSPECTED PLACE THE FOLLOWING
DESCRIBED PERSONAL PROPERTY, TO WIT: A quantity of
amphetamine/methamphetamine in violation of the Texas Health and Safety Code.

4. AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON
TO [sic] THE FOLLOWING FACTS, TO WIT: That, Affiant is a certified peace
officer employed by the Gregg County Sheriff's Department. Affiant has been a
peace officer for over 11 years and is currently assigned to the U.S. Drug
Enforcement Administration Task Force. That, Affiant was contacted by a
confidential informant that stated that he/she had been to the location listed in
paragraph one of this affidavit within seventy-two (72) hours of the issuance of this
warrant and said confidential informant further advised that he/she did at that time
observe the suspect listed in paragraph two of this affidavit in possession of
amphetamine/methamphetamine. That, Affiant believes the confidential informant's
information to be true and reliable, because said confidential informant has provided
Affiant with information relating to criminal activity, and that information did prove
to be true and correct. That, Affiant knows that the confidential informant is familiar
with the appearance of amphetamine/methamphetamine. 

Amburn contends the affidavit provides no substantial basis on which the issuing magistrate could
have determined probable cause because (1) paragraph four of the affidavit fails to connect either
of the first two paragraphs, (2) the information provided by the confidential informant appears to be
purely conclusory, and (3) the reliability of the informant remains unclear. 
            Amburn's assertion that "[n]othing in the affidavit supplies any information about how the
Affiant (or the informant) identified either the place described or the person . . . named" is beside
the point. "The task of the issuing magistrate is simply to make a practical, common-sense decision
whether, given all the circumstances set forth in the affidavit, . . . there is a fair probability that
contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. 
Amburn claims the affidavit's silence as to how the affiant came to describe the location or whether
the informant knew the suspect, fails to answer questions that serve as the foundation for probable
cause. To the contrary, the finding of probable cause is supported by the statements in the affidavit
that the confidential informant observed the suspect in possession of contraband at a specific location
and later relayed the information to the affiant, and that the information is reliable.
            Contending the affiant's statements are purely conclusory and cannot, therefore, support a
finding of probable cause, Amburn asserts that a reasonable reading of the affidavit does not allow
an inference he was in possession of the contraband. Amburn implies that it cannot even be
determined whether he was at the location when the informant was there. On the contrary, the
affidavit is clear that the basis for the informant's conclusion was personal observation of Amburn
in possession of the contraband while at the described location. It states that a confidential informant
"had been to the location listed in paragraph one . . . [and] further advised that he/she did at that time
observe the suspect listed in paragraph two . . . in possession of amphetamine/methamphetamine." 
(Emphasis added.) The issuing magistrate could easily infer from this language that the informant
observed the contraband and the suspect in a way that, based on the relation of one to the other, led
the informant to conclude the drugs were under the suspect's control. See Bass v. State, No. 06-01-00054-CR, 2002 Tex. App. LEXIS 7250, at *14 (Tex. App.—Texarkana Oct. 10, 2002, no pet.) (not
designated for publication).
            In arguing that the reliability of the informant remains unclear, Amburn complains there is
no indication that earlier information provided by the informant to law enforcement officials has ever
led to arrests, indictments, convictions, or even been used. This, however, is not the test.
Where facts and circumstances within the knowledge of a police officer, arising from
a reasonably trustworthy source, would warrant a man of reasonable caution in the
belief that items of contraband or evidence of a crime may presently be found in a
specified place, there is probable cause to issue a warrant to search that place. 

Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). The affiant, a peace officer with
eleven years' experience and assigned to the U.S. Drug Enforcement Administration Task Force,
stated he believed the informant's information was reliable because the informant had provided
information relating to criminal activity that, in the past, had proven to be true and correct.
            Even so, Amburn suggests that the issuing magistrate's determination could not have been
formed without relying on the affiant's conclusory statement that he knew "the confidential informant
[was] familiar with the appearance of amphetamine/methamphetamine." Such a statement, standing
alone, would not satisfy the substantial basis requirement for determining the existence of probable
cause; however, in light of the totality of the circumstances, the affiant's statement merely serves to
bolster the affiant's claim that the informant proved reliable in the past. Not only have Texas courts
stated that "[a]n affiant is not required to delineate his drug identification expertise within the four
corners of the affidavit in order to provide a magistrate with sufficient probable cause to support the
issuance of a search warrant," Richardson v. State, 622 S.W.2d 852, 857 (Tex. Crim. App. 1981),



but courts have also found informants to be reliable based solely on their having provided reliable
information in the past. See, e.g., Capistran v. State, 759 S.W.2d 121, 128 (Tex. Crim. App. 1988)
(citing Avery v. State, 545 S.W.2d 803, 804–05 (Tex. Crim. App. 1977)). Stated another way, "[a]n
unnamed informant's reliability may be established by the affiant's general assertions stated in the
affidavit concerning the informant's prior reliability." Cerda v. State, 846 S.W.2d 533, 534 (Tex.
App.—Corpus Christi 1993, no pet.).
            It is undoubtedly preferable for a confidential informant's claims to be laid out in greater
detail with some explanation connecting the informant's basis of knowledge to the assertions made
in the affidavit underlying a search warrant, or even that the informant's claims have been
corroborated through independent police investigation. To do any of these things would suggest a
greater degree of credibility and provide a magistrate with more information upon which a
determination of probable cause could be made; however, these additional indicators of reliability 
 
are not always possible in the context of police investigation and do not represent the minimum
threshold requirement.
            Magistrates, in determining whether an affidavit supports a finding of probable cause, may
make reasonable inferences from the statements made in the affidavit, and warrants should not
thereafter be invalidated through an appellate court's hypertechnical analysis. Gates, 462 U.S. at
236; Gibbs, 819 S.W.2d at 830. In our recent opinion in Rider v. State, No. 06-02-00196-CR, 2003
Tex. App. LEXIS 9690 (Tex. App.—Texarkana, Nov. 14, 2003, no pet. h.) (not designated for
publication), we held a very similar affidavit provided probable cause for a warrant.
The statement that the informant had provided information concerning "criminal
activity in the past which has proven to be correct" is sufficient to establish that the
informant was reliable. Texas courts have affirmed findings of probable cause
concerning reliability based solely on providing reliable information in the past. See
Capistran v. State, 759 S.W.2d 121, 128 (Tex. Crim. App. [Panel Op.] 1988) (op. on
reh'g); Daniels v. State, 999 S.W.2d 52, 56 (Tex. App.—Houston [14th Dist.] 1999,
no pet.); Cerda v. State, 846 S.W.2d 533, 534 (Tex. App.—Corpus Christi 1993, no
pet.).

Id. at *13–14. We determined, therefore, under Texas law, the affidavit sufficiently demonstrated
the reliability of the informant. We also concluded the affidavit sufficiently demonstrated the
information provided by the confidential informant was reliably obtained.
While it would be preferable if the affidavit contained facts concerning how the
officer knows the informant could identify the substance, Texas law does not strictly
require such facts. Texas courts have held that an affidavit does not need to state an
informant's qualifications to identify a controlled substance. Since the affidavit does
not have to specify the informant's qualifications, the affidavit provides some basis
for the conclusion that the information was reliably obtained. 

Id. at *14–15 (footnote containing extensive citations omitted). We determined that, under the
totality of the circumstances, the Rider affidavit was sufficient. Id. at *17.
            In this case, the informant personally observed what was perceived to be methamphetamine
in Amburn's possession while at the residence described in the affidavit. Affording great deference
to the issuing magistrate's determination, we hold the combination of the affiant's (1) declaration of
the informant's having seen methamphetamine in Amburn's possession at the residence within the
previous seventy-two hours, (2) assertion that the informant had previously provided reliable
information regarding criminal activity, and (3) personal knowledge of the informant's familiarity
with methamphetamine was sufficient to establish probable cause. We conclude the information
contained within the four corners of the affidavit, under the totality of the circumstances, provides
a substantial basis on which the issuing magistrate could have found probable cause.
            We, therefore, affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          October 2, 2003
Date Decided:             January 6, 2004

Do Not Publish