**460**

Lonnie Earl WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 64999.

Court of Criminal Appeals of Texas,
En Banc.

March 9, 1983.

William E. Stallings, on appeal only, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Merrilee L. Harmon, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for manufacture of methamphetamine. The jury assessed punishment at 10 years, probated.

On April 13, 1979, a search of a private residence was conducted in McLennan County by law enforcement officers. Chemicals and laboratory equipment admitted in evidence at the trial were seized pursuant to a search warrant.

In a single ground of error, appellant contends that the affidavit upon which the search warrant was based is insufficient to show probable cause in that it does not satisfy that prong of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 723, which requires that the reliability and credibility of the unnamed informant be established.

The affidavit insofar as it is pertinent to this requirement of *Aguilar* recites:

"AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO WIT: I have been informed of the following facts by a person whom I know to be reliable, credible and trustworthy:

". . .

". . . While I do not desire to name the above informant for security reasons (fear of informants personal safety) I believe the informant to be reliable, credible and trustworthy based on the informants past performance and intelligence as

known by the affiant. The informant has furnished the affiant with information in the past concerning violations of the controlled substance act and the violators which were involved."

■ For issuance of a valid search warrant, the affidavit requesting the warrant must inform the magistrate (1) of some of the underlying circumstances from which the informant concluded the narcotics were where the informant claimed they were,[1] and (2) some of the underlying circumstances from which the affiant concluded that the informant was credible or reliable. *Aguilar v. Texas,* supra; *Carmichael v. State,* Tex.Cr.App., 607 S.W.2d 536; *Evans v. State,* Tex.Cr.App., 530 S.W.2d 932.

■ When an unnamed informant is relied upon, his credibility may be established under *Aguilar* by allegations to the effect that the informer has proven reliable on prior occasions. *Gonzales v. Beto,* 425 F.2d 963 (5th Cir.); *Curtis v. State,* Tex.Cr.App., 519 S.W.2d 883; *Morgan v. State,* Tex.Cr. App., 516 S.W.2d 188, 190.

In *Stoddard v. State,* Tex.Cr.App., 475 S.W.2d 744, a recitation in the affidavit that the unnamed informant was "credible and reliable" was held to be insufficient to satisfy the requirement that the affidavit furnish underlying circumstances which led the affiant to conclude that the informant was "reliable and credible." In *Avery v. State,* Tex.Cr.App., 545 S.W.2d 803, the second prong of *Aguilar* was found not to be satisfied by a recitation in the affidavit, that the affiant believed the unnamed in-

formants to be reliable because "such informants have both given information on numerous occasions in the past in reference to violations of the gambling laws of this state, to affiant."

■ We are mindful that affidavits for search warrants are normally drafted in the midst and haste of a criminal investigation, and adhere to the teachings of the United States Supreme Court in *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, that they must be interpreted "in a common sense and realistic fashion." See *Cummins v. State,* Tex.Cr.App., 478 S.W.2d 452. Nonetheless, in our efforts to avoid technical and strict interpretation, we must be ever mindful that we stay within the boundaries of constitutional requirements as prescribed by the United States Supreme Court in *Aguilar.*

Since the affidavit fails to supply the underlying circumstances from which the affiant concluded that the informant was credible or reliable, the affidavit fails to meet the requirements of the second prong of *Aguilar.*

The judgment is reversed and the cause remanded.

MILLER, J., not participating.

---

1. No challenge is made to the sufficiency of the affidavit to comply with the first prong of *Aguilar.*