NO. 07-01-0014-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 18, 2001



______________________________




TOMMY L. HALL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-432992; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________




Before BOYD, C.J., and REAVIS and JOHNSON, JJ.



 Following a plea of not guilty, appellant Tommy L. Hall (1) was convicted by a jury of
possession of a controlled substance, twice enhanced, and punishment was assessed at
confinement for life. Presenting two points of error, appellant contends (1) the trial court
erred in denying his motion to suppress the search warrant and evidence obtained as a
result of the warrant, and (2) the evidence is legally insufficient to support his conviction. 
Based upon the rationale expressed herein, we will affirm.

 Through a confidential informant using an audio tape, on January 24, 2000, the
Lubbock Police Department coordinated a purchase of crack cocaine at 1935 Avenue N,
Duplex A. After the purchase was made, the confidential informant gave the crack cocaine
to Officer Gerber, a narcotics investigator. After searching the informant to make certain
that he had surrendered all the cocaine he had purchased and obtaining a physical
description of the residence, Officer Gerber was issued a search and arrest warrant. The
warrant was executed by Officer Gerber and members of the SWAT team on January 27,
2000. As they approached the residence, they observed Michael Dewayne Moss knocking
on the front door. Gerber secured and patted down Moss for weapons and found a crack
pipe on him.

 Upon entering the duplex, Officer Koontz observed appellant sitting alone on a
couch along the north wall and two females sitting in chairs along the west wall. As
appellant raised himself off the couch, Koontz observed him "fidgeting" with a male's long,
dark, wool, trench coat on the couch. After securing appellant and the other occupants of
the residence, Gerber and another officer entered and checked the coat. Upon searching
the pockets of the coat, Gerber discovered cocaine, a crack pipe, appellant's driver's
license, his car keys, and a pay stub bearing his name. 

 The two females were wearing warm clothing and disclaimed ownership of the coat. 
Although the outside temperature was approximately 35 degrees and appellant was
wearing only a short-sleeved shirt, he disclaimed ownership of the coat despite the fact
that his driver's license, pay stub, and car keys were found in the pockets. Appellant was
arrested at the scene for possession of crack cocaine.

 By his first point of error, appellant contends the trial court erred in denying his
motion to suppress the search warrant and evidence obtained as result of the warrant. 
Appellant asserts that the affidavit in support of the search warrant is insufficient because
it was based solely on hearsay, unaided by independent corroboration, surveillance, or
personal knowledge. We disagree.

 Appellate review of a trial court's denial of a motion to suppress is de novo when
the decision is not based on an evaluation of credibility and demeanor. Hernandez v.
State, 957 S.W.2d 851, 852 (Tex.Cr.App. 1998), citing Guzman v. State, 955 S.W.2d 85,
89 (Tex.Cr.App. 1997). Appellate review of an affidavit in support of a search warrant,
however, is not de novo, but rather, great deference is given to the magistrate's
determination of probable cause. Illinois v. Gates, 462 U.S. 213, 230-31, 103 S.Ct. 2317,
76 L.Ed.2d 527 (1983). Probable cause is determined from the four corners of the affidavit
and the reasonable inferences drawn therefrom. Cassias v. State, 719 S.W.2d 585, 587-88 (Tex.Cr.App. 1986) (on reh'g). The magistrate's task in evaluating an affidavit is to
make a practical, common sense decision whether, given the totality of the circumstances
set forth in the affidavit, there is a fair probability that contraband or evidence of a crime
will be found in a particular place. Hennessy v. State, 660 S.W.2d 87 (Tex.Cr.App. 1983), 
citing Gates. 

 When information is supplied by an informant, the determination of probable cause
is based upon the totality of the circumstances. Gates, 462 U.S. at 238-39. While
probable cause may be based on hearsay, the hearsay must be credited at each level in
order to meet constitutional requirements. Hennessy, 660 S.W.2d at 91. An unnamed
informant's information may be credited by showing that the informant has given reliable,
credible information in the past. Wright v. State, 646 S.W.2d 460, 461 (Tex.Cr.App. 1983);
Cerda v. State, 846 S.W.2d 533, 535 (Tex.App.-Corpus Christi 1993, no pet.). Officer
Gerber's affidavit provided:

 [w]ithin the past forty-eight hours, a confidential informant made a controlled
purchase of a substance that tested positive for cocaine using a scott field
test kit. Said confidential informant is able to recognize cocaine and other
controlled substances. Said confidential informant has given iinformation
[sic] in the past to the South Plains Regional [N]arcotics Task Force on two
occasions that has proven to be true and correct. Said confidential
informant has proven to be credible and reliable.


 The only witness at the hearing on the motion to suppress was Officer Gerber. He
testified that due to anonymous complaints regarding drug activity from the residence
searched, a confidential informant was sent to make a controlled purchase. Based on
information provided by the informant, Gerber obtained a search warrant. Relying on the
information contained in the four corners of the affidavit and the fact that Officer Gerber's
informant had provided credible and reliable information on two prior occasions, we find
the trial court did not abuse its discretion in denying appellant's motion to suppress the
search warrant and any evidence obtained as a result. 

 Moreover, the State argues that appellant lacked standing to contest the validity of
the search because he had no standing to do so. We agree. A person who complains that
a search and seizure is illegal because of evidence obtained by a search of a third
person's premises or property has not had any of his Fourth Amendment rights violated. 
Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978); Hughes v. State,
24 S.W.3d 833, 838 (Tex.Cr.App. 2000), cert denied, 531 U.S. 980, 121 S.Ct. 430, 148
L.Ed.2d 438 (2000). The evidence established that appellant was not a resident of the
duplex in question and that he denied ownership of the coat containing the contraband. 
Thus, he did not have an expectation of privacy and his Fourth Amendment rights were not
infringed at the time the warrant was executed. Therefore, because appellant failed to
establish standing to challenge the search, the trial court did not err in overruling his
motion to suppress. See generally Calloway v. State, 743 S.W.2d 645, 647-49
(Tex.Cr.App. 1988). Point of error one is overruled. 

 By his second point of error, appellant contends the evidence is legally insufficient
to support his conviction. We disagree. It is a fundamental rule of criminal law that one
cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the
defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01
(Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa
v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson
v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit
as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported
by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867
(Tex.Cr.App. 1988). If a challenge to the legal sufficiency of the evidence is sustained,
appellant is entitled to acquittal. Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 72
L.Ed.2d 652 (1982); Cain v. State, 976 S.W.2d 228, 233 (Tex.App.--San Antonio 1998, no
pet.).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. In
order to establish unlawful possession of a controlled substance, the State was required
to prove that appellant exercised actual care, custody, control, or management of the
contraband and that he knew the substance he possessed was contraband. See Tex. Pen.
Code Ann. § 481.002(37) (Vernon 1992); Tex. Health & Safety Code Ann. § 481.112(e)
(Vernon Supp. 2001); King v. State, 895 S.W.2d 701, 703 (Tex.Cr.App. 1995); Martin v.
State, 753 S.W.2d 384, 387 (Tex.Cr.App. 1988). These elements may be proved by
circumstantial evidence. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex.Cr.App. 1985). 
Because appellant was not wearing the coat that contained the contraband at the time of
the search and two women were also in the same room of the duplex with him, he was not
in exclusive control of the drugs, thus the State was required to show additional
independent facts and circumstances to affirmatively link appellant to the contraband.
Brown v. State, 911 S.W.2d 744, 747-48 (Tex.Cr.App. 1995). 

 The State established that the keys to appellant's car, his drivers license, a pay stub
bearing his name, and the contraband were all found in the pockets of the coat that was
on the couch next to him. Also, the day the warrant was executed was a cold day and
appellant was in a short-sleeve shirt. He was the only male in the duplex at that time and
the two females were dressed in warm clothing. Although circumstantial, the evidence
presented linked appellant to the coat containing the contraband. Thus, we conclude, after
viewing it in the light most favorable to the verdict, that any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Appellant's second
point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.



 Don H. Reavis

 Justice

Do not publish. 
1. AKA Tommy Lee Hall.



ideWhenUsed="false" Name="Light Shading Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-09-00301-CR, 07-09-0302-CR, 07-09-0303-CR,

07-09-0304-CR,
07-09-0305-CR, 07-09-0306-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
20, 2010

 



 

VIENGKHONE SIKALASINH, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NOS. 58,210-A, 58,211-A, 58,212-A, 58,213-A, 58,216-A, 58,217-A;

 

HONORABLE HAL MINER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

CONCURRING OPINION

 

The Court reaches the correct result
in this case, and I concur in the Courts judgment.  I concur also in the Courts discussion of
appellants issues one and two, regarding attorneys fees.  With regard to appellants issue three
regarding witness fees, the Court correctly points out that, even before its
1999 repeal, subsection (a) of article 102.002(a) of the Code of Criminal
Procedure expressly excluded witness expenses paid under article 35.27 from its
provisions.  See Act of May 17, 1985, 69th Leg., R.S., ch.
269, § 1, 1985 Tex. Gen. Laws 1300, 1302, repealed
by Act of May 22, 1999, 76th Leg. R.S., ch. 580,
§ 11, 1999 Tex. Gen. Laws 3121, 3123.  
The Court thus correctly concludes that repeal of subsection (a) of
article 102.002 cannot have the effect of authorizing the assessment against
appellant of the cost of witness fees paid under article 35.27.  

It seems to me, however, that there
is a more fundamental problem with the States position that article 102.002
provides a statutory basis for imposition of non-resident witness expenses on
appellant.  In pertinent part, subsection
(c) of article 102.002, on which the State relies, states a defendant is
liable on conviction for the fees provided by this article for witnesses . . .
.  Tex. Code Crim. Proc.
Ann. art. 102.002(c) (Vernon 2006).  The Courts opinion quotes the repealed
subsection (a) of article 102.002.  That
now-repealed subsection provided per diem and mileage reimbursement for
witnesses.  See Act of May 17, 1985, 69th Leg., R.S., ch.
269, § 1, 1985 Tex. Gen. Laws 1300, 1302, repealed
by Act of May 22, 1999, 76th Leg. R.S., ch. 580,
§ 11, 1999 Tex. Gen. Laws 3121, 3123. 
Since the repeal of its subsection (a), however, article 102.002 does
not provide fees for witnesses.  Under
the current provisions of article 102.002, as I read them, there are no fees
provided by this article for which a convicted defendant may be liable.  For that reason, I concur in the Courts
judgment.

                                                                                                James
T. Campbell

                                                                                                            Justice

Quinn, C.J.,
joins in this concurring opinion.

 

Publish.