NO. 07-01-0014-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 18, 2001

_____

TOMMY L. HALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-432992; HONORABLE MACKEY HANCOCK, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following a plea of not guilty, appellant Tommy L. Hall[1] was convicted by a jury of possession of a controlled substance, twice enhanced, and punishment was assessed at confinement for life. Presenting two points of error, appellant contends (1) the trial court

_____

[1]AKA Tommy Lee Hall.

erred in denying his motion to suppress the search warrant and evidence obtained as a result of the warrant, and (2) the evidence is legally insufficient to support his conviction. Based upon the rationale expressed herein, we will affirm.

Through a confidential informant using an audio tape, on January 24, 2000, the Lubbock Police Department coordinated a purchase of crack cocaine at 1935 Avenue N, Duplex A. After the purchase was made, the confidential informant gave the crack cocaine to Officer Gerber, a narcotics investigator. After searching the informant to make certain that he had surrendered all the cocaine he had purchased and obtaining a physical description of the residence, Officer Gerber was issued a search and arrest warrant. The warrant was executed by Officer Gerber and members of the SWAT team on January 27, 2000. As they approached the residence, they observed Michael Dewayne Moss knocking on the front door. Gerber secured and patted down Moss for weapons and found a crack pipe on him.

Upon entering the duplex, Officer Koontz observed appellant sitting alone on a couch along the north wall and two females sitting in chairs along the west wall. As appellant raised himself off the couch, Koontz observed him "fidgeting" with a male's long, dark, wool, trench coat on the couch. After securing appellant and the other occupants of the residence, Gerber and another officer entered and checked the coat. Upon searching the pockets of the coat, Gerber discovered cocaine, a crack pipe, appellant's driver's license, his car keys, and a pay stub bearing his name.

2

The two females were wearing warm clothing and disclaimed ownership of the coat. Although the outside temperature was approximately 35 degrees and appellant was wearing only a short-sleeved shirt, he disclaimed ownership of the coat despite the fact that his driver's license, pay stub, and car keys were found in the pockets. Appellant was arrested at the scene for possession of crack cocaine.

By his first point of error, appellant contends the trial court erred in denying his motion to suppress the search warrant and evidence obtained as result of the warrant. Appellant asserts that the affidavit in support of the search warrant is insufficient because it was based solely on hearsay, unaided by independent corroboration, surveillance, or personal knowledge. We disagree.

Appellate review of a trial court's denial of a motion to suppress is *de novo* when the decision is not based on an evaluation of credibility and demeanor. Hernandez v. State, 957 S.W.2d 851, 852 (Tex.Cr.App. 1998), citing Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). Appellate review of an affidavit in support of a search warrant, however, is not *de novo*, but rather, great deference is given to the magistrate's determination of probable cause. Illinois v. Gates, 462 U.S. 213, 230-31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause is determined from the four corners of the affidavit and the reasonable inferences drawn therefrom. Cassias v. State, 719 S.W.2d 585, 587-88 (Tex.Cr.App. 1986) (on reh'g). The magistrate's task in evaluating an affidavit is to make a practical, common sense decision whether, given the totality of the circumstances

3

set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Hennessy v. State, 660 S.W.2d 87 (Tex.Cr.App. 1983), citing *Gates*.

When information is supplied by an informant, the determination of probable cause is based upon the totality of the circumstances. *Gates*, 462 U.S. at 238-39. While probable cause may be based on hearsay, the hearsay must be credited at each level in order to meet constitutional requirements. *Hennessy*, 660 S.W.2d at 91. An unnamed informant's information may be credited by showing that the informant has given reliable, credible information in the past. Wright v. State, 646 S.W.2d 460, 461 (Tex.Cr.App. 1983); Cerda v. State, 846 S.W.2d 533, 535 (Tex.App.–Corpus Christi 1993, no pet.). Officer Gerber's affidavit provided:

> [w]ithin the past forty-eight hours, a confidential informant made a controlled purchase of a substance that tested positive for cocaine using a scott field test kit. Said confidential informant is able to recognize cocaine and other controlled substances. Said confidential informant has given iinformation [sic] in the past to the South Plains Regional [N]arcotics Task Force on two occasions that has proven to be true and correct. Said confidential informant has proven to be credible and reliable.

The only witness at the hearing on the motion to suppress was Officer Gerber. He testified that due to anonymous complaints regarding drug activity from the residence searched, a confidential informant was sent to make a controlled purchase. Based on information provided by the informant, Gerber obtained a search warrant. Relying on the

4

information contained in the four corners of the affidavit and the fact that Officer Gerber's informant had provided credible and reliable information on two prior occasions, we find the trial court did not abuse its discretion in denying appellant's motion to suppress the search warrant and any evidence obtained as a result.

Moreover, the State argues that appellant lacked standing to contest the validity of the search because he had no standing to do so. We agree. A person who complains that a search and seizure is illegal because of evidence obtained by a search of a third person's premises or property has not had any of his Fourth Amendment rights violated. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978); Hughes v. State, 24 S.W.3d 833, 838 (Tex.Cr.App. 2000), *cert denied*, 531 U.S. 980, 121 S.Ct. 430, 148 L.Ed.2d 438 (2000). The evidence established that appellant was not a resident of the duplex in question and that he denied ownership of the coat containing the contraband. Thus, he did not have an expectation of privacy and his Fourth Amendment rights were not infringed at the time the warrant was executed. Therefore, because appellant failed to establish standing to challenge the search, the trial court did not err in overruling his motion to suppress. *See generally* Calloway v. State, 743 S.W.2d 645, 647-49 (Tex.Cr.App. 1988). Point of error one is overruled.

By his second point of error, appellant contends the evidence is legally insufficient to support his conviction. We disagree. It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the

defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). If a challenge to the legal sufficiency of the evidence is sustained, appellant is entitled to acquittal. Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 72 L.Ed.2d 652 (1982); Cain v. State, 976 S.W.2d 228, 233 (Tex.App.--San Antonio 1998, no pet.).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. In order to establish unlawful possession of a controlled substance, the State was required to prove that appellant exercised actual care, custody, control, or management of the contraband and that he knew the substance he possessed was contraband. *See* Tex. Pen. Code Ann. § 481.002(37) (Vernon 1992); Tex. Health & Safety Code Ann. § 481.112(e)

6

(Vernon Supp. 2001); King v. State, 895 S.W.2d 701, 703 (Tex.Cr.App. 1995); Martin v. State, 753 S.W.2d 384, 387 (Tex.Cr.App. 1988). These elements may be proved by circumstantial evidence. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex.Cr.App. 1985). Because appellant was not wearing the coat that contained the contraband at the time of the search and two women were also in the same room of the duplex with him, he was not in exclusive control of the drugs, thus the State was required to show additional independent facts and circumstances to affirmatively link appellant to the contraband. Brown v. State, 911 S.W.2d 744, 747-48 (Tex.Cr.App. 1995).

The State established that the keys to appellant's car, his drivers license, a pay stub bearing his name, and the contraband were all found in the pockets of the coat that was on the couch next to him. Also, the day the warrant was executed was a cold day and appellant was in a short-sleeve shirt. He was the only male in the duplex at that time and the two females were dressed in warm clothing. Although circumstantial, the evidence presented linked appellant to the coat containing the contraband. Thus, we conclude, after viewing it in the light most favorable to the verdict, that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

7

Justice

Do not publish.